# EXHIBIT "A"

# Declaration of Riley A. Clayton

RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Non-Parties,
Samantha Radak, Deborah Gianini

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>        Plaintiff,<br><br>vs.<br><br>FENNEMORE CRAIG,<br><br>        Defendants. | CASE NO.:   2:19-cv-00824-GMN-JDA<br><br>**DECLARATION OF RILEY A. CLAYTON PURSUANT TO LR II 26-7** |

I, Riley A. Clayton, under penalties of perjury under the laws of the sate of Nevda, declare as follows:

1.  I am the attorney of record for the non-party deponents, Samantha Radak and Deborah Gianini. I am also the attorney of record for certain parties in the related case, *Latonia Smith v. Ceasars Entertainment Corp., PHWLV, LLC dba Planet Hollywood Resort and Casino, and Ethan Thomas, et al*, Case No. 2:19-cv-00856-GMN-JDA. Except for where I have stated upon information and belief, I have personal knowledge of the information and representations contained in this declaration and could testify as a competent witness in a court of law if called upon to do so. I am making this declaration in support of Non-Party Witnesses, Samantha Radak's and Deborah Gianini's, motion to quash subpoenas, in compliance with LR II 26-7.

2.  Upon information and belief, Ms. Radak is an employee of PHWLV, LLC, serving in the capacity of Assistant Director of Housekeeping for Planet Hollywood Resort and Casino. She is not a party to the Fennemore Craig Case or Planet Hollywood Case.

3. Ms. Gianini is an employee of Caesar's Entertainment Services, serving in the capacity of Regional Vice President of Integrity, Performance and Culture. She is not a party to the Fennemore Craig Case or Planet Hollywood Case, either.

4. On the evening of August 12, 2019 and August 13, 2019, respectively, I am informed and believe that Ms. Radak and Ms. Gianini were served with the subject subpoenas at their respective homes. True copies of the Subpoenas are attached to the Motion to Quash as Exhibit "B". The subpoenas seek the deposition of Ms. Radak on August 29, 2019 at 9:45 a.m., and the deposition of Ms. Gianini on August 30, 2019, at 9:45 a.m. (Ms. Radak and Ms. Gianini are collectively referred to as the "Deponents.")

4. In addition to seeking the testimony of the Deponents, the subpoenas also seek production of the following documents from each/both of the Deponents. Specifically, the duces tecum components of the subpoenas state:

> All correspondence between yourself and employees of CEC or PHWLV or any CEC entity regarding Lotonia Smith or her mother Annecer Peruzar from October 31, 2017 to present; all correspondence between yourself and employees of Fennemore Craig regarding Latonia Smith or her mother Annecer Peruzar from October 31, 2017 to present.

5. Given the pending related cases, which involve the Snell & Willmer law firm defending the Fennemore Craig law firm in the Fennemore Craig Case; the Snell & Willmer law firm defending Ms. Pierce in the Planet Hollywood Case; the Hall Jaffe & Clayton, LLP, firm defending PHW in the Planet Hollywood Case, and Ms. Pierce/Fennemore Craig defending against the wrongful termination claim of Ms. Peruzar; PHW internally evaluated which firm should represent the Deponents with respect to the subject subpoenas, or whether an additional law firm should be retained, given the unique circumstances of this case.

6. Ultimately, on August 22, 2019, PHW retained me to represent the Deponents with respect to the subpoenas.

7. On Friday, August 23, 2019, I prepared a formal written objection to the subpoenas and, with her permission, served the written objection upon Ms. Smith via email. A true and correct copy of the written Objection is attached to the motion to quash as Exhibit "C". The Objection identified the factual and legal bases regarding why the Deponents objected to the subpoenas, why the depositions and

2

document production should not go forward, and invited Ms. Smith to withdraw the subpoenas or otherwise conduct a "meet and confer." A copy of the Objection was also served upon Ms. Smith via regular U.S. Mail on Monday, August 26, 2019.

     7.     Later Friday evening, August 23, 2019, Ms. Smith sent a written response to the Objection via email, outlining, in general, her desire to move forward with the subpoenas. A true and correct copy of Ms. Smith's Response to Objection is attached to the motion to quash as Exhibit "D".

     8.     In an effort to determine whether there could be any potential way to avoid any motion work-up on regarding the subpoenas, on Sunday, August 25, 2019, I sent another email identifying potential dates and times in which to conduct a "meet and confer." A true and correct copy of the Email re Meet and Confer is attached to the motion to quash as Exhibit "E". Ms. Smith responded later that evening via email, acknowledging that she would participate in a meet and confer on Monday, August 26, 2019, at 5:00 p.m. A true and correct copy of Ms. Smith's subsequent ressponse is also part of the email chain, which is attached to the motion to quash as Exhibit "E".

     9.     On Monday, August 26, 2019, at 5:00 p.m., I, along with my associate attorney, Kathy McCarthy, Esq., called Ms. Smith using a speaker phone to conduct the "meet and confer." Initially, Ms. Smith requested that Ms. McCarthy and I call her back in 15 minutes, which we did. I, Ms. McCarthy and Ms. Smith then conducted a good faith and meaningful "meet and confer." During that conversation, the parties debated the merits of their respective positions. For instance, I explained that the subpoenas violated a prior agreement between Ms. Smith and Ms. Radak, which disallowed contact between the parties. I also explained that the subpoena expressly sought documents that were protected by the attorney-client privilege and work-product doctrine. I also explained how the procedural posture of the cases lent themselves to staying all discovery pending the outcome of dispositive motions, the motion to stay discovery pending those dispositive motions, and the motion to consolidate, and how undue burdens would be eased by not going forward with the subpoenas at this time. Ms. Smith, among other things, explained that in the Fennemore Craig Case there was no stay on discovery and that she was allowed to move forward with the subpoenas, that the Fennemore Craig Case and Planet Hollywood Case were different, and that because of alleged "fraud" and "crimes," the attorney-client privilege would not protect against the disclosure of the sought information. The parties also debated the timing

1 of a potential document production as requested in the subpoenas, and I explained that additional time would be needed for CEC and/or PHW and/or the Deponents to retrieve any requested documents, review them for purposes of privilege, and prepare the applicable privilege log. Unfortunately, however, and despite good faith efforts, we were not able to reach any substantive agreement on the requested discovery, and Ms. Smith understood that the Deponents would be filing a motion to quash the subpoena.

9. A true and correct copy of the settlement agreement entered into by Ms. Smith and Ms. Radak is attached to the motion to quash as Exhibit "F".

I declare under the penalty of perjury that the foregoing is true and correct.

Dated this 27th of August, 2019.

_____
RILEY A. CLAYTON

4