# EXHIBIT "C"

## Written Objection dated August 23, 2019

**Riley Clayton**
---

| | |
|---|---|
| **From:** | Riley Clayton |
| **Sent:** | Friday, August 23, 2019 5:57 PM |
| **To:** | lts0294@gmail.com |
| **Cc:** | Riley Clayton; Kathy McCarthy |
| **Subject:** | Formal Objection to Subpoenas -- (Smith/PHW, CEC) |

Ms. Smith–

Thank you for taking my call this afternoon, and allowing me to send this correspondence to you at the email address above.

As you know, I have been retained to represent Deborah Gianini and Samantha Radak (hereinafter, collectively, "Deponents") in connection with the subpoenas you recently served on them. Please consider this as a formal response to your subpoenas.

My clients must, respectfully, object to your August 1, 2019 subpoenas to Deponents in Case No. 2:19-cv-00824-GMN-DJA, styled Latonia Smith v. Fennemore Craig ("Fennemore Litigation"). In order to avoid judicial intervention, I would request that you voluntarily withdraw the improper subpoenas or, alternatively, participate in a telephonic conference with me to discuss the list of objections outlined below, which Deponents represent is not an exhaustive list, and Deponents are not waiving any objections to the subpoenas by not specifically addressing them below.

If you decline to voluntarily withdraw the subpoenas, and we cannot otherwise come to some sort of an agreement via a "meet and confer," then I will be forced to move to quash the subpoenas, pursuant to Fed. R. Civ. P. 45(d)(3), which provides that a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter and/or subjects a person to undue burden. In the event that Deponents are forced to file such a motion, they will seek an award of all fees, costs, and sanctions available under the rules. However, it is our hope that you will recognize the impropriety of the subpoenas, and withdraw them voluntarily.

With regard to Ms. Radak, your subpoena is in direct violation of the terms of the Confidential Settlement Agreement you entered into with Ms. Radak, Caesars Entertainment Corporation, and Planet Hollywood in June, 2018. According to that Agreement:

> The terms of the protective order shall permanently remain in full force and effect against Defendant with respect to Samantha Radak until December 1, 2019. This includes, without limitation, the following:
>
> i. Defendant is required to stay 100 feet away from wherever Ms. Radak is found, except that any inadvertent meeting between the parties, at any location, shall not be considered a violation of this agreement;
>
> ii. Defendant is prohibited, either directly or indirectly by an agent or otherwise from contacting, intimidating, harassing, using, attempting to use or threatening the use of physical force or otherwise interfering in any way with Ms. Radak, including but not limited to, **in person, by writing, by telephone, by US Postal Service** or other forms of mail delivery, through electronic mail (e-mail), instant messaging, text messaging, facsimile. This includes **no communication** through social media or any social media platform, without limitation, or **through another person**. (Emphasis added).

By serving Ms. Radak with the subpoena, you are in violation of the Agreement not to contact her, directly or indirectly by an agent, and you certainly cannot command her presence at deposition when you are required to stay 100 feet

1

away from her. Given the foregoing, a court would likely conclude that your subpoena violates the agreement and otherwise subjects Ms. Radak to undue burden and quash it, pursuant to Fed. R. Civ. P. 45(d)(3).

Ms. Gianini, as you know, is not a named party to the Agreement. Irrespective, the subpoena, itself, as it relates to her seems to be vindictive, harassing, and designed to cause an undue burden upon her, as well, thereby making it improper and subject to being quashed.

As I am certain you know, neither Deponent is a party to the Fennemore Litigation, and the relevance and proportionality of their intended testimony and the information you seek from them in relation to the Fennemore Litigation is not clear. For example, the subpoenas require production of "all correspondence between yourself and employees of CEC or PHWLV or any CEC entity regarding Latonia Smith or her mother Annecer Peruzar from October 31, 2017 to present." To the extent that either Deponent was in possession of such information that was not subject to any privilege, such correspondence would likely only be relevant and proportional, if at all, in Ms. Peruzar's litigation. Thus, the result is that the August 1, 2019 subpoenas seek information that is not proportional to the needs of the case, not relevant, and otherwise subjects Deponents to undue burden, and must be quashed upon motion to the Court.

Further, the subpoenas may impermissibly require disclosure of materials that would be protected by the attorney-client privilege and/or work product doctrine and, therefore, your subpoenas should be being quashed on that basis. Fed. R. Civ. P. 45(d)(3)(iii). Specifically, the subpoenas presumably involve testimony and otherwise expressly command production of "all correspondence between yourself and employees of Fennemore Craig regarding Latonia Smith or her mother Annecer Peruzar from October 31, 2017 to present." As you know, Fennemore Craig is defense counsel in the Peruzar lawsuit.

After you have had the opportunity to consider the foregoing, please feel free to contact the undersigned to advise of your voluntary withdrawal of the subpoenas or to schedule a "meet and confer" conference to further discuss Deponents' objections. As of right now, Deponents do not intend to present for their scheduled depositions and/or produce the documents requested in the subpoenas based on the reasons and comments outlined herein.

Finally, as you know there are motions to consolidate and motions to stay discovery pending the outcome of the dispositive motions pending before Judge Navarro. Because the motion to stay discovery has been filed, this serves as yet another basis to object to the documents and live testimony of the Deponents.

I look forward to hearing from you in the near future by Tuesday, August 27, 2019, by 5:00 p.m. so we can conduct an "meet and confer," agree to postpone the dates for the subpoenas, or obtain your agreement to withdraw them. You can call me at the number below.



Riley A. Clayton, Esq.
HALL JAFFE & CLAYTON, LLP
7425 Peak Drive
Las Vegas, NV 89128
Tel.: 702-316-4111
Fax: 702-316-4114
rclayton@lawhjc.com

The information contained in this email message is intended for the personal and confidential use of the intended recipient(s) only. This message may be an attorney/client communication and, as such, is privileged and confidential.. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, dissemination, forwarding, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by reply email or telephone and delete the original message and any attachments from your system. Please note that nothing in the accompanying communication is intended to qualify as an "electronic signature."

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rule of Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the 26th day August, 2019, the foregoing **OBJECTIONS TO SUBPOENAS TO SAMANTHA RADAK AND DEBORAH GIANINI** was served on the parties via U.S. Mail, addressed as follows, noting that Plaintiff is in proper person:

Latonia Smith
9748 Canyon Landing Ave.
Las Vegas, NV 89166
*Plaintiff in Proper Person*

Alex L. Fugazzi, Esq.
Michael Paretti
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Attorneys for Defendant
*SHANNON PIERCE*

_____
An Employee of
HALL JAFFE & CLAYTON, LLP



$ 000.50⁰
PITNEY BOWES
02 1P
0002716312  AUG 26 2019
MAILED FROM ZIP CODE 89128

Alex L. Fugazzi, Esq.
Michael Paretti
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

HJC  HALL JAFFE & CLAYTON, LLP
ATTORNEYS AT LAW

7425 Peak Drive • Las Vegas, Nevada 89128
Telephone 702.316.4111 • Facsimile 702.316.4114

```
                                PITNEY BOWES
                         $ 000.50⁰
                  02 1P        AUG 26 2019
                  0002716312
                  MAILED FROM ZIP CODE 89128
```

Alex L. Fugazzi, Esq.
Michael Paretti
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169

ak Drive • Las Vegas, Nevada 89128
702.316.4111 • Facsimile 702.316.4114



```
$ 000.50⁰  AUG 26 2019
MAILED FROM ZIP CODE 89128
```

Latonia Smith
9748 Canyon Landing Ave.
Las Vegas, NV 89166

**HJC HALL JAFFE & CLAYTON, LLP**
ATTORNEYS AT LAW

7425 Peak Drive • Las Vegas, Nevada 89128
Telephone 702.316.4111 • Facsimile 702.316.4114



Latonia Smith
9748 Canyon Landing Ave.
Las Vegas, NV 89166

**HJC HALL JAFFE & CLAYTON, LLP**
ATTORNEYS AT LAW

7425 Peak Drive • Las Vegas, Nevada 89128
Telephone 702.316.4111 • Facsimile 702.316.4114