# EXHIBIT "D"

## Ms. Smith's Response to Written Objection dated August 23, 2019

# Riley Clayton

| | |
|---|---|
| **From:** | Toni Smith <lts0294@gmail.com> |
| **Sent:** | Friday, August 23, 2019 6:46 PM |
| **To:** | Riley Clayton |
| **Subject:** | Re: Formal Objection to Subpoenas -- (Smith/PHW, CEC) |

Mr. Clayton

Subpoenas will not be withdrawn, discovery has been ordered by the magistrate judge in my other case (if you were unaware) so there will be no agreed upon postponements, consolidations are irrelevant to speak about since the CEC case will be remanded to state court, your argument contains many fallacies and I suggest you review the entire agreement, and I will be arguing exceptions to every privilege you claim on behalf of any witnesses due to their involvement in the fraud with the cohorts, Fennemore. If you have any other arguments besides blanket assertions please present them, but going off of your current arguments, the subpoenas will not be withdrawn and if you would like to attempt to prevent discovery in the case of Smith v. Fennemore by barring me from taking the standard deposition of two additional witnesses, both of whom believe white people are superior to people of other races, and who were involved in falsifying documents due to their pointed dislike of "black people" and particularly, Mrs. Peruzar for whatever reason, then you may do as you please. If you have not already seen the witness testimony of Ms. Radak calling a third party to make up these stories that she supposedly could not turn over (because they were not created yet), I suggest you review that as well. I am available to meet and confer when you have time but please be forewarned that I will be seeking the depositions of samantha radak and deborah g. in this matter, mainly concerning their involvement in creating the documents and whatever other topics I deem to be relevant concerning their actions and the complaint.


Only send back a meet and confer time. If you do not, a motion to compel will be on your desk by Wednesday. There is no need to attempt to intimidate me from carrying on in these matters with your fees.
Also please refrain from sending packages that are taped all the way around the opening (its annoying).
Thanks and you have a wonderful, privileged weekend.


On Fri, Aug 23, 2019 at 5:57 PM Riley Clayton <RClayton@lawhjc.com> wrote:

Ms. Smith—


Thank you for taking my call this afternoon, and allowing me to send this correspondence to you at the email address above.


As you know, I have been retained to represent Deborah Gianini and Samantha Radak (hereinafter, collectively, "Deponents") in connection with the subpoenas you recently served on them. Please consider this as a formal response to your subpoenas.

1

My clients must, respectfully, object to your August 1, 2019 subpoenas to Deponents in Case No. 2:19-cv-00824-GMN-DJA, styled Latonia Smith v. Fennemore Craig ("Fennemore Litigation"). In order to avoid judicial intervention, I would request that you voluntarily withdraw the improper subpoenas or, alternatively, participate in a telephonic conference with me to discuss the list of objections outlined below, which Deponents represent is not an exhaustive list, and Deponents are not waiving any objections to the subpoenas by not specifically addressing them below.

If you decline to voluntarily withdraw the subpoenas, and we cannot otherwise come to some sort of an agreement via a "meet and confer," then I will be forced to move to quash the subpoenas, pursuant to Fed. R. Civ. P. 45(d)(3), which provides that a court must quash or modify a subpoena that requires disclosure of privileged or other protected matter and/or subjects a person to undue burden. In the event that Deponents are forced to file such a motion, they will seek an award of all fees, costs, and sanctions available under the rules. However, it is our hope that you will recognize the impropriety of the subpoenas, and withdraw them voluntarily.

With regard to Ms. Radak, your subpoena is in direct violation of the terms of the Confidential Settlement Agreement you entered into with Ms. Radak, Caesars Entertainment Corporation, and Planet Hollywood in June, 2018. According to that Agreement:

> The terms of the protective order shall permanently remain in full force and effect against Defendant with respect to Samantha Radak until December 1, 2019. This includes, without limitation, the following:
>
> i. Defendant is required to stay 100 feet away from wherever Ms. Radak is found, except that any inadvertent meeting between the parties, at any location, shall not be considered a violation of this agreement;
>
> ii. Defendant is prohibited, either directly or indirectly by an agent or otherwise from contacting, intimidating, harassing, using, attempting to use or threatening the use of physical force or otherwise interfering in any way with Ms. Radak, including but not limited to, **in person, by writing, by telephone, by US Postal Service** or other forms of mail delivery, through electronic mail (e-mail), instant messaging, text messaging, facsimile. This includes **no communication** through social media or any social media platform, without limitation, or **through another person**. (Emphasis added).

By serving Ms. Radak with the subpoena, you are in violation of the Agreement not to contact her, directly or indirectly by an agent, and you certainly cannot command her presence at deposition when you are required to stay 100 feet away from her. Given the foregoing, a court would likely conclude that your subpoena violates the agreement and otherwise subjects Ms. Radak to undue burden and quash it, pursuant to Fed. R. Civ. P. 45(d)(3).

Ms. Gianini, as you know, is not a named party to the Agreement. Irrespective, the subpoena, itself, as it relates to her seems to be vindictive, harassing, and designed to cause an undue burden upon her, as well, thereby making it improper and subject to being quashed.

2

As I am certain you know, neither Deponent is a party to the Fennemore Litigation, and the relevance and proportionality of their intended testimony and the information you seek from them in relation to the Fennemore Litigation is not clear. For example, the subpoenas require production of "all correspondence between yourself and employees of CEC or PHWLV or any CEC entity regarding Latonia Smith or her mother Annecer Peruzar from October 31, 2017 to present." To the extent that either Deponent was in possession of such information that was not subject to any privilege, such correspondence would likely only be relevant and proportional, if at all, in Ms. Peruzar's litigation. Thus, the result is that the August 1, 2019 subpoenas seek information that is not proportional to the needs of the case, not relevant, and otherwise subjects Deponents to undue burden, and must be quashed upon motion to the Court.

Further, the subpoenas may impermissibly require disclosure of materials that would be protected by the attorney-client privilege and/or work product doctrine and, therefore, your subpoenas should be being quashed on that basis. Fed. R. Civ. P. 45(d)(3)(iii). Specifically, the subpoenas presumably involve testimony and otherwise expressly command production of "all correspondence between yourself and employees of Fennemore Craig regarding Latonia Smith or her mother Annecer Peruzar from October 31, 2017 to present." As you know, Fennemore Craig is defense counsel in the Peruzar lawsuit.

After you have had the opportunity to consider the foregoing, please feel free to contact the undersigned to advise of your voluntary withdrawal of the subpoenas or to schedule a "meet and confer" conference to further discuss Deponents' objections. As of right now, Deponents do not intend to present for their scheduled depositions and/or produce the documents requested in the subpoenas based on the reasons and comments outlined herein.

Finally, as you know there are motions to consolidate and motions to stay discovery pending the outcome of the dispositive motions pending before Judge Navarro. Because the motion to stay discovery has been filed, this serves as yet another basis to object to the documents and live testimony of the Deponents.

I look forward to hearing from you in the near future by Tuesday, August 27, 2019, by 5:00 p.m. so we can conduct an "meet and confer," agree to postpone the dates for the subpoenas, or obtain your agreement to withdraw them. You can call me at the number below.



Riley A. Clayton, Esq.

HALL JAFFE & CLAYTON, LLP

7425 Peak Drive

Las Vegas, NV 89128

Tel.: 702-316-4111

Fax: 702-316-4114

<u>rclayton@lawhjc.com</u>

The information contained in this email message is intended for the personal and confidential use of the intended recipient(s) only. This message may be an attorney/client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, dissemination, forwarding, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by reply email or telephone and delete the original message and any attachments from your system. Please note that nothing in the accompanying communication is intended to qualify as an "electronic signature."