RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Non-Parties,
Samantha Radak, Deborah Gianini

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FENNEMORE CRAIG,<br><br>　　　　　Defendants. | CASE NO.:   2:19-cv-00824-GMN-JDA<br><br>**ERRATA TO NON-PARTY WITNESSES, SAMANTHA RADAK'S AND DEBORAH GIANINI'S, MOTION TO QUASH SUBPOENAS (ECF No. 44)** |

Non-Party witnesses, Samantha Radak and Deborah Gianini (collectively referred to as "Deponents"), file the instant Errata to their Motion to Quash Subpoenas (ECF No. 44) to correct the inadvertent omission of signature pages from the copy of the Settlement Agreement attached thereto as Exhibit "F." Accompanying this Errata is a complete copy of the Settlement Agreement, which includes all signature pages.

Dated this 28th day of August, 2019.

　　　　　　　　　　　　　　　　　　　　HALL JAFFE & CLAYTON, LLP

　　　　　　　　　　　　　　　　　　　　By _/s/ Riley A. Clayton_
　　　　　　　　　　　　　　　　　　　　RILEY A. CLAYTON
　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 005260
　　　　　　　　　　　　　　　　　　　　7425 Peak Drive
　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89128
　　　　　　　　　　　　　　　　　　　　Attorneys for Non-Party Deponents

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rule of Procedure, I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP, and that on the ___28___ day August, 2019, the foregoing **ERRATA TO NON-PARTY WITNESSES, SAMANTHA RADAK'S AND DEBORAH GIANINI'S, MOTION TO QUASH SUBPOENAS** was served upon the parties via the Court's CM/ECF e-filing and service program, and via U.S. Mail, addressed as follows, noting that Plaintiff is in proper person:

> Latonia Smith
> 9748 Canyon Landing Ave.
> Las Vegas, NV 89166
> ***Plaintiff in Proper Person***
>
> Alex L. Fugazzi, Esq.
> Michael Paretti
> SNELL & WILMER, LLP
> 3883 Howard Hughes Parkway, Suite 1100
> Las Vegas, Nevada 89169
> Attorneys for Defendant, Fennemore Craig

_____
An Employee of
HALL JAFFE & CLAYTON, LLP

# EXHIBIT "F"

Settlement Agreement dated June 6, 2018

## CONFIDENTIAL SETTLEMENT AGREEMENT

This CONFIDENTIAL SETTLEMENT AGREEMENT ("Agreement"), is made and entered into on this ____ day of June, 2018, by and between Caesars Entertainment Corporation ("Caesars"), PHWLV, LLC d/b/a Planet Hollywood Resort and Casino ("Planet Hollywood"), Samantha Radak ("Ms. Radak" and collectively with Caesars and Planet Hollywood referred to herein as "Plaintiffs"), and Latonia Smith a/k/a Toni Smith ("Defendant", and collectively with Caesars, Planet Hollywood and Ms. Radak referred to as the "Parties").

## RECITALS

WHEREAS Plaintiffs filed their Complaint ("Complaint") against Defendant on March 15, 2018, commencing case no. A-18-771192-C in the Eighth Judicial District Court in and for Clark County, Nevada ("Litigation");

WHEREAS, Ms. Radak filed her Emergency Application for Order for Protection Against Stalking, Aggravated Stalking or Harassment (NRS 200.591) in the Justice Court of Las Vegas Township in Clark County, Nevada ("Application") against Defendant on March 15, 2018;

WHEREAS service of the Complaint and Application has been effectuated on Defendant;

WHEREAS the Defendant denies having committed the acts alleged in the Complaint or the Application;

WHEREAS, on March 19, 2018, the Justice Court entered its Temporary Order for Protection Against Stalking, Aggravated Stalking, or Harassment (NRS 200.591) ("Order");

WHEREAS the Justice Court set a hearing regarding whether to extend the Order ("Application Hearing");

WHEREAS, pursuant to the terms of the Order it shall remain in effect until the Application Hearing;

WHEREAS Defendant filed her Motion and Notice of Motion for Dissolution of Protective Order ("Dissolution Motion") on April 5, 2018;

WHEREAS the Court set a hearing on the Dissolution Motion to take place concurrently with the Application Hearing ("Dissolution Hearing" and collectively with the Application Hearing referred to herein as the "Hearings");

WHEREAS the Parties have been engaged in good faith discussions regarding a potential resolution of these matters and believe it is in the best interests of all Parties to resolve these matters;

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the terms and conditions set forth herein, the Parties do hereby agree as follows:

1. <u>Terms and Conditions</u>. In order to settle this matter, Plaintiffs and Defendant agree to the following terms, conditions and undertakings:

   a) <u>Protection of Ms. Radak</u>. The terms of the Protective Order shall permanently remain in full force and effect against Defendant with respect to Samantha Radak until December 1, 2019. This includes, without limitation the following:

      i. Defendant is required to stay 100 feet away from wherever Ms. Radak is found, except that any inadvertent meeting between the parties, at any location, shall not be considered a violation of this agreement;

      ii. Defendant is prohibited, either directly, or indirectly by an agent or otherwise from contacting, intimidating, harassing, using, attempting to use or threatening the use of physical force or otherwise interfering in any way with Ms. Radak, including but not limited to, in person, by writing, by telephone, by US Postal Service or other forms of mail delivery, through electronic mail (e-mail), instant messaging, text messaging, facsimile. This includes no communication through social media or any social media platform, without limitation, or through another person.

   b) <u>Non-disparagement</u>. For eighteen (18) months from the date of signing this agreement, Defendant agrees that she will not make, or cause to be made any disparaging or threatening statements, comments, or communications of any kind, whether verbal, written or digital, including posts or comments on any social media platform, including without limitation Facebook, LinkedIn, Twitter, or any other social media platform of any kind, , including without limitation images created through the graphics interchange format ("GIF"), either as fact or as opinion, to or about Plaintiffs, or any of them, or their products and services, business, technologies, market position, agents, representatives, directors, officers, shareholders, attorneys, employees, vendors, affiliates, successors or assigns, or any person acting by, through, under, or in concert with any of them.

   c) <u>Dismissal</u>. In return, and in addition to the above, upon execution of this Agreement, the Parties agree to sign a stipulation and order for dismissal of the pending Litigation, as well as the Application, with each side to bear their own fees and costs. In the event of breach of this Agreement by Defendant, Plaintiffs expressly reserve the right to pursue any and all claims against Defendant, including without limitation those set forth in the Complaint and Application, as well as any subsequent claims which may have accrued.

2. <u>Notice of Suspected Breach</u>. The Parties agree that due to the ease posting communications on Social Media by other individuals under the guise of Defendant, Plaintiffs will notify Defendant or Defendant's attorneys, in writing, of any suspected breach of this agreement.

3. <u>Remedies for Breach of Non-disparagement</u>. The Parties agree that non-disparagement is a material term of this Agreement. The Parties agree and acknowledge that a breach of this Agreement will cause irreparable damage to the Parties for which the Parties cannot be reasonably or adequately compensated in damages. Plaintiffs shall therefore be entitled to, in addition to all other remedies available to them, two thousand, five hundred dollars ($2,500.00) as liquidated damages, and not as penalty, for each breach of the non-disparagement provision of this Agreement. In addition, upon any breach of this Agreement, including without limitation this non-disparagement clause, the Parties agree that the affected Plaintiff(s) will be immediately entitled to injunctive and protective relief, as provided for under

applicable law or equity, without being required to post any bond or other security, in the event of any such breach. Injunctive and/or protective relief will not be deemed the exclusive remedy for any such breach, but will be in addition to all other remedies available under applicable law. The Parties also agree that, upon any suspected breach of Section 1.a of this Agreement, Ms. Radak shall immediately be entitled to a further temporary protective order after the notice to Defendant or Defendant's attorneys as described in Section 2 of this Agreement.

4. Confidentiality. The Parties and their attorneys represent, warrant and agree that the terms and contents of this Agreement and all information and evidence elicited or exchanged during the Dispute and in negotiating this Agreement are and shall be treated as confidential and shall not be disclosed, in any way used or described or characterized to any other person or entity except the parties hereto as described herein. This confidentiality provision and agreement is a material term of this Agreement, breach of which the Parties hereby agree will cause the Parties irreparable harm. Notwithstanding the foregoing, in the event of any further threatening or disparaging comments made against Ms. Radak or Caesars, Ms. Radak and/or Caesars shall have the right to disclose this Agreement to a court as part of a request for protective or other relief, complaint, or other pleading. In addition, the Parties agree that responding to unsolicited questions regarding this matter shall not constitute a breach of this provision or the Agreement.

5. No Admission of Liability. The Parties understand and acknowledge that this Agreement, and any and all consideration given, constitutes a compromise and settlement of disputed claims and that entering into and executing this Agreement shall not be deemed or construed to be an admission of the truth or falsity of any claims made or which could have been made or an acknowledgment or admission of liability by any party.

6. Authority to Execute Agreement. The Parties executing this Agreement, by the signature of their respective undersigned representatives, warrant and represent that each of them has the right and authority to execute this Agreement.

7. Representation of Counsel; Opportunity to Review. Each of the Parties represents that it (a) has read this Agreement (including, without limitation, the Recitals hereto), (b) has had sufficient opportunity to consult its own legal counsel with regard to the negotiation and preparation, as well as the scope and effect, of this Agreement, (c) understands the content and legal effect of this Agreement, and (d) has signed this Agreement based upon its own free will. The Parties have reviewed this Agreement and have had the opportunity to negotiate its terms and suggest changes to the language herein and, accordingly, the rule of construction to the effect that any ambiguities are to be resolved against the drafting parties shall not be employed in the interpretation and enforcement of this Agreement. The Parties further represent that they are not relying on any representations by any other party not contained in this Agreement.

8. Counterparts. This Agreement may be executed in counterparts and, upon execution by the Parties, each copy so executed shall be deemed an original for all purposes. All such executed counterparts shall be deemed one agreement.

9. Entire Agreement. This Agreement represents the entire agreement and understanding between Plaintiffs and Defendant concerning the matters set forth herein. No party has relied upon any representations or statements made by any other party or by any person or entity, which are not specifically set forth in this Agreement.

10. Governing Law. This Agreement shall be governed by the laws of the State of Nevada, without regard for any choice of laws provision therein.

11. No Oral Modification. Each of the Parties understands and agrees that this Agreement shall not be changed or amended in any respect, except by a writing executed by each of the Parties hereto or their authorized representatives.

12. Assignment. The Parties hereby represent and warrant that they have not assigned, conveyed or granted any right, option, or interest in, or otherwise transferred in any manner whatsoever to any person or entity, any right, claim or cause of action that is the subject of this Agreement.

13. Severability. In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Agreement shall continue in full force and effect without said provision so long as the remaining provisions remain intelligible and continue to reflect the original intent of the Parties.

14. No Waiver. The failure of any Party to insist upon the performance of any of the terms and conditions in this Agreement, or the failure to prosecute any breach of any of the terms and conditions of this Agreement, shall not be construed thereafter as a waiver of any such terms or conditions. This entire Agreement shall remain in full force and effect as if no such forbearance or failure of performance had occurred.

15. Construction. The language and terms of this Agreement are to be understood in their ordinary sense (except where otherwise defined herein). This Agreement is the product of negotiation among the Parties and is not to be construed as having been prepared by any one Party.

16. Notices. Whenever this Agreement requires or contemplates that one Party shall or may give notice to another, notice shall be provided by electronic mail and/or facsimile and by next day (excluding weekends and court holidays) express delivery service as follows:

(a) if to Plaintiffs, then to Plaintiffs c/o Fennemore Craig, P.C., attn.: Brenoch Wirthlin, Esq., 300 South Fourth Street, Suite 1400, Las Vegas, NV 89101, Telephone No.: (702) 692-8000, bwirthlin@fclaw.com.

(b) if to Defendant, then to Defendant c/o Mortenson & Rafie, LLP, attn.: Richard Waltjen, Esq., 10781 West Twain Avenue, Las Vegas, NV 89135, Telephone No.: (702)-363-4190, rwaltjen@uslaw.com.

17. Binding Effect. Except as otherwise expressly provided herein, the provisions of this Agreement shall inure to the benefit of, and be binding upon, the successors, assigns, heirs, executors and administrators of the Parties hereto.

18. Voluntary Execution of Agreement. This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing all claims. The Parties acknowledge that:

(a) They have read this Agreement;

    (b) They have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice or that they have voluntarily declined to seek such counsel;

    (c) They understand the terms and consequences of this Agreement and of the releases it contains; and

    (d) They are fully aware of the legal and binding effect of this Agreement.

*[Signature page follows.]*

IN WITNESS WHEREOF, the Parties, intending to be legally bound have signed below.

| **CAESARS ENTERTAINMENT CORPORATION** | **SAMANTHA RADAK** |
|---|---|
| Signature: _____ | Signature: _____ |
| Print Name: _____ | Print Name: _____ |
| Its: (Title) _____ | Dated: _____ |
| Dated: _____ | |

| **PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO** | **LATONIA SMITH a/k/a TONI SMITH** |
|---|---|
| Signature: _____ | Signature: _/s/ Latonia Smith_____ |
| Print Name: _____ | Print Name: Latonia Smith |
| Its: (Title) _____ | Dated: 06/06/18 |
| Dated: _____ | |

IN WITNESS WHEREOF, the Parties, intending to be legally bound have signed below.

| CAESARS ENTERTAINMENT CORPORATION | SAMANTHA RADAK |
|---|---|
| Signature: *[signed]* | Signature: _____ |
| Print Name: DEBORAH J. GIANINI | Print Name: _____ |
| Its: (Title) Regional VP - HR | Dated: _____ |
| Dated: 6/11/18 | |

| PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO | LATONIA SMITH a/k/a TONI SMITH |
|---|---|
| Signature: _____ | Signature: *[signed]* |
| Print Name: _____ | Print Name: Latonia Smith |
| Its: (Title) _____ | Dated: 06/06/18 |
| Dated: _____ | |

IN WITNESS WHEREOF, the Parties, intending to be legally bound have signed below.

**CAESARS ENTERTAINMENT CORPORATION**

Signature: _____

Print Name: _____

Its: (Title) _____

Dated: _____

**SAMANTHA RADAK**

Signature: _____

Print Name: _____

Dated: _____

**PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO**

Signature: *[signature]*

Print Name: DEBORAH J. GIANINI

Its: (Title) Reg. VP - HR

Dated: 6/14/18

**LATONIA SMITH a/k/a TONI SMITH**

Signature: *[signature]*

Print Name: Latonia Smith

Dated: 06/06/18

IN WITNESS WHEREOF, the Parties, intending to be legally bound have signed below.

| CAESARS ENTERTAINMENT CORPORATION | SAMANTHA RADAK |
|---|---|
| Signature: _____ | Signature: _[signed]_ |
| Print Name: _____ | Print Name: Samantha Radak |
| Its: (Title) _____ | Dated: 6-6-18 |
| Dated: _____ | |
| **PHWLV, LLC d/b/a PLANET HOLLYWOOD RESORT AND CASINO** | **LATONIA SMITH a/k/a TONI SMITH** |
| Signature: _____ | Signature: _[signed]_ |
| Print Name: _____ | Print Name: Latonia Smith |
| Its: (Title) _____ | Dated: 06/06/18 |
| Dated: _____ | |