Alex L. Fugazzi (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone:  702.784.5200
Facsimile:  702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant Fennemore Craig*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LATONIA SMITH,<br><br>                    Plaintiff(s),<br><br>          -vs-<br><br>FENNEMORE CRAIG,<br><br>                    Defendant(s). | Case No.:    2:19-cv-00824-GMN-EJY<br><br>**FENNEMORE CRAIG'S RESPONSE TO MS. SMITH'S CROSS MOTION FOR LEAVE TO ADD REPLY** |

Defendant Fennemore Craig ("Fennemore"), by and through its counsel of record, Snell & Wilmer L.L.P., hereby submits its Response to Plaintiff Latonia Smith's ("Ms. Smith") "Just In Case Cross Motion for Leave to Add Reply" [ECF No. 42.]. This Response is based upon the following memorandum of points and authorities, the pleadings and papers on file in this action, the accompanying exhibits, and any oral arguments the Court may entertain.

4812-5028-0866

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2      In response to Fennemore's Motion to Strike Ms. Smith's improper, fugitive Surreply [ECF

3  No. 41], Ms. Smith filed the instant "Cross Motion" for leave to file a Surreply. Ms. Smith's "Cross

4  Motion" is devoid of any factual or legal analysis. And though only five sentences long, Ms.

5  Smith's "Cross Motion" is based on a demonstrably untrue premise; namely, that "Defendant

6  [Fennemore] combine[d] their [sic] Opposition to Plaintiff's cross-motion with their [sic] response

7  to Plaintiff's Opposition, and there is no distinction between the two except for the areas in which

8  defendant reasserts their [sic] arguments from their [sic] own motions to dismiss." ECF No. 42 at

9  1:15-18.

10      A cursory review of Fennemore's filings disproves Ms. Smith's contention. On August 12,

11  Fennemore filed a Reply in Support of its Motions to Dismiss [ECF No. 28] and a Response to Ms.

12  Smith's Motion for Leave to Amend [ECF No. 29]. These filings are not "combined"—they are

13  entirely separate briefs that address the distinct arguments raised in Ms. Smith's respective

14  Response and Motion. Fennemore does not dispute that Ms. Smith is entitled to file a reply in

15  support of her Cross-Motion for Leave to Amend. As such, Fennemore requests that the Court

16  strike the improper Surreply [ECF No. 32] in its entirety, and strike page 1, line 23 through page

17  10, line 2 (which address the arguments in the Motions to Dismiss) from Ms. Smith's Reply in

18  support of her Cross-Motion for Leave to Amend [ECF No. 33].

19      Finally, Ms. Smith's "Cross Motion" for leave of court to file a surreply fails on the merits.

20  "A surreply may only be filed by leave of court, and only to address new matters raised in a reply

21  to which a party would otherwise be unable to respond." *See Kanvick v. City of Reno*, No. 3:06–

22  CV–00058, 2008 WL 873085, at *n.1 (D. Nev. March 27, 2008). Fennemore's Reply in support of

23  its Motions to Dismiss [ECF No. 28] addressed the arguments in Ms. Smith's Opposition to the

24  Motions to Dismiss [ECF No. 21]—it did not raise any new issues to which Ms. Smith was

25  otherwise unable to respond in her initial opposition. In fact, Ms. Smith asserts in her Surreply that:

26  "***Fennemore only reasserts the same arguments that were in their [sic] original motion***, ignore

27  the claims, case law, and evidence supporting Plaintiff's Complaint, and continue to fail to meet

28  the prongs required to categorize Ms. Smith's lawsuit as a SLAPP suit or a suit worthy of

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

dismissal." *See* ECF No. 32 at 1:25-2:1 (emphasis added). Therefore, by her own admission, Ms. Smith's Surreply did not address new matters to which she was otherwise unable to respond; rather, she simply disregarded the rules to advance more improper[1] arguments. As such, Ms. Smith's Surreply is improper, the Court should strike the fugitive Surreply, and the Court should deny Ms. Smith's request for leave to file the Surreply.

Dated:  August 29, 2019.                    SNELL & WILMER L.L.P.

                                            By: */s/ Michael Paretti*
                                            Alex L. Fugazzi, Esq. (NV Bar No. 9022)
                                            Michael Paretti (NV Bar No. 13926)
                                            3883 Howard Hughes Parkway, Suite 1100
                                            Las Vegas, Nevada 89169
                                            *Attorneys for Defendant Fennemore Craig*

---

[1] "In determining the propriety of a Rule l2(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broem v, Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (emphasis in the original); *Zander v. Tropicana Ent., Inc.*, 2:13-cv-00848-GMN, 2014 WL 794212, at *2 (D. Nev. Feb. 26, 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citing *Ruiz v. Laguna,* No. 05–cv–1871, 2007 WL 1120350, at *26 (S.D.Cal. Mar. 28, 2007)).

4812-5028-0866

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be served a true and correct copy of the foregoing **FENNEMORE CRAIG'S RESPONSE TO MS. SMITH'S CROSS MOTION FOR LEAVE TO ADD REPLY** by method indicated below:

☐   **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

X   **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

> Latonia Smith (*in Pro Per*)
> 9748 Canyon Landing Ave.
> Las Vegas, NV 89166
> Tel: (725) 203-2455 or (702) 521-3522

☐   **BY OVERNIGHT MAIL:**  by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐   **BY PERSONAL DELIVERY:**  by causing personal delivery by, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

X   **BY ELECTRONIC SUBMISSION:**  submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐   **BY EMAIL:**  by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

DATED this 29th day of August, 2019.

_____
An employee of SNELL & WILMER L.L.P.

4812-5028-0866