1  LATONIA SMITH
9748 CANYON LANDING AVE.
2  LAS VEGAS, NV 89166
725-203-2455
3  PLAINTIFF IN PROPER PERSON

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP - 3 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

4              UNITED STATES DISTRICT COURT

5                   DISTRICT OF NEVADA

6

7  LATONIA SMITH,

8                   Plaintiff(s),

9              -vs-              CASE NO. 2:19-cv-00824-GMN-EJY

10  FENNEMORE CRAIG,

11                  Defendant(s).

12

13  **PLAINTIFF'S MOTION TO STRIKE FENNEMORE'S REPLY IN SUPPORT OF**

14                 **EMERGENCY MOTION TO QUASH**

15      Plaintiff, Latonia Smith, moves to strike Fennemore's reply in support of their

16  emergency motion to quash, filed on August 28, 2019, where defendant used the reply

17  brief to present new arguments and new contentious exhibits laden throughout the

18  entire reply. The new arguments and exhibits are steeped in the lies, guesswork, and

19  speculations of Fennemore Craig and their associates, all of which can be easily

20  opposed and disproven with an inclusion of the full record. They also directly ignore the

21  testimony of third party witnesses that was already presented to the court, **in Plaintiff's**

22

23  **Opposition to defendant's motions to dismiss,** concerning the fact that (non-exhaustively

24  herein) (1) Fennemore targeted Ms. Smith beginning in 2017 in connection with their

25  participation in a civil conspiracy, (2) the conspiracy continued against Ms. Smith in

26  2018 and 2019, (3) Ms. Pierce and her associates intended to target Ms. Smith prior to

27  the April 17, 2019 attack on Ms. Smith and (4) Plaintiff was verbally attacked by

28  Shannon Pierce and her associate , Ethan Thomas (who was specifically dispatched to

assist Pierce in attacking Ms. Smith on April 17, 2019) followed by another attack against Ms. Smith by way of the judicial system by Pierce and her associates. Like all of the exhibits presented by defendant, the evidence is out-of-context, outright false, and/or blatant misrepresentations of the facts in their entirety, and it is no surprise why defendant must present exhibits in this way; they are guilty and the only way that they can absolve themselves of wrongdoing is to create new storylines even if they are false and directly contradictory to the actual facts and evidence. Moreover, the issues surrounding the April 17, 2019 attack of Ms. Smith that defendant is now trying to conflate with Plaintiff conducting discovery are entirely irrelevant to the instant matter concerning propounded discovery, as further seen in defendant's own initial objections to the subject matter (incorporated in exhibits).

## MEMORANDUM OF POINTS AND AUTHORITIES

Fennemore Craig inappropriately files a reply with new arguments and new exhibits; they ask this Court to issue a protective order against Ms. Smith and attach new and contentious exhibits that they hope this Court will consider (which are even extraneous to the subject matters) without giving Ms. Smith an opportunity to respond to their erroneous assertions and misrepresentations. In their emergency motion, as a part of their new (and irrelevant) tactic to prevent Plaintiff from conducting discovery on matters relevant to the instant lawsuit, defendant made blanket and false assertions that Plaintiff had a history of issuing threats and making threats, without the inclusion of any evidence or reasonable arguments. Plaintiff, in her opposition, responded asserting that defendant's statements were simply completely unfounded and false, and those assertions remain true. Defendant has continually pushed their opinions as facts and has wildly and irresponsibly attempted to use irrelevant matters to create a false narrative concerning the Plaintiff in an attempt to subvert the discovery process. The Plaintiff was under no obligation to present or respond to exhibits where no contrary

exhibits were presented/raised. **Defendant's reply now inserts one**-sided erroneous exhibits attached to new blatant misrepresentations and new erroneous arguments in a desperate **attempt to "cure" blanket and false allegations** in their opening brief, which, again, is irrelevant to the subject matter of the propounded discovery. The reply should **be stricken (and even the irrelevant portions of defendant's opening brief where they assert newfound "fears"** in an attempt to subvert discovery). If a movant cites new evidence or legal theories in a reply brief, due process requires either that the reply be stricken or that the non-movant be given an opportunity to respond. However, to prevent further prejudice/delay that will be caused to Ms. Smith, the reply should be stricken. See ***Weaver v. State, Dep't of Motor Vehicles*** **117 P.3d 193 (Nev. 2005)** (declining to consider arguments raised for the first time in a reply brief). To the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond. ***Tovar v. United States Postal Service***, **3 F.3d 1271, 1273 n.3 (9th Cir. 1993).** Therefore, the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence. ***Provenz v. Miller,*** **102 F.3d 1478, 1483 (9th Cir. 1996).** Pursuant to **Federal Rule of Civil Procedure 12, the court may strike a filing for "any redundant,** immaterial, impertinent, or scandalous matter.**

As such, Ms. Smith moves to have the court strike **Fennemore's reply brief along** with their exhibits (Exhibits G-N); **they are outside of the scope of "replying" to Plaintiff's opposition to defendant's emergency motion to quash subpoenas,** they are entirely irrelevant to the subject matter of the Plaintiff conducting discovery as ordered by the court, and the irrelevant evidence that defendant is attempting to proffer is false and attached to completely, and knowingly, false arguments, which are further subject to Rule 11 sanctions.

Dated this 2nd day of September 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING
AVE.
LAS VEGAS, NV 89166

CERTIFICATE OF SERVICE

I certify that I am serving a true and correct copy of the attached MOTION TO STRIKE on the parties set forth below by:

_____    placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

___X___    Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____    E-service

_____    Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

_/s/ Latonia Smith_

Plaintiff, In Proper Person

Dated this 2nd day of September 2019