Alex L. Fugazzi (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant Fennemore Craig*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>    Plaintiff(s),<br><br>-vs-<br><br>FENNEMORE CRAIG,<br><br>    Defendant(s). | Case No.:   2:19-cv-00824-GMN-EJY<br><br>**FENNEMORE CRAIG'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE FENNEMORE'S REPLY IN SUPPORT OF EMERGENCY MOTION TO QUASH** |

Defendant Fennemore Craig ("Fennemore"), by and through its counsel of record, Snell & Wilmer L.L.P., hereby submits its Response to Plaintiff Latonia Smith's ("Ms. Smith") Motion to Strike Fennemore's Reply in Support of Emergency Motion to Quash [ECF No. 50]. This Response is based upon the following memorandum of points and authorities, the pleadings and papers on file in this action, the accompanying exhibits, and any oral arguments the Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

On August 23, 2019, Fennemore attorney Shannon Pierce ("Ms. Pierce") filed a motion to strike Ms. Smith's procedurally and substantively infirm Surreply to Ms. Pierce's Motions to Dismiss. *See* ECF No. 67 in related Case No. 2:19-cv-00856-GMN-DJA (the "Pierce Action"). Since then, Ms. Smith has abused this procedural remedy and has filed a motion to strike nearly all of Defendants' subsequent briefs. *See* ECF No. 78 in the Pierce Action (moving to strike Ms. Pierce's Response to Ms. Smith's Motion for Leave to file an amended complaint); ECF No. 80 in the Pierce Action (moving to strike Caesars Entertainment Corporation, PHWLV, LLC, and Ethan Thomas's Response to Ms. Smith's Motion for Leave to file an amended complaint); ECF No. 82 in the Pierce Action (moving to strike Ms. Pierce's Response to Ms. Smith's Motion for Sanctions); and now the subject Motion [ECF No. 50]. Ms. Smith's Motions to Strike are abusive and improper.

In the instant Motion, Ms. Smith asks the Court to strike Fennemore's Reply in support of its Emergency Motion to Quash, or in the alternative, for a Protective Order [ECF No. 46] since the Reply attaches exhibits that were not previously attached to the original Motion [ECF No. 37]. Fennemore's and its employees' reasonable fear of Ms. Smith if forced to comply with her subpoenas and sit for a deposition is central to Fennemore's Motion for Protective Order. ECF No. 37 at 17:23-27. Indeed, as Fennemore explained in its Motion, "Ms. Smith has physically threatened Fennemore attorney Shannon Pierce and Fennemore's client's in-house counsel, Ethan Thomas. Even more troubling, on April 25, 2019, Shawna Braselton and Wade Beavers, two of the subpoenaed Fennemore Employees, received an anonymous threatening letter, which they believe came from Ms. Smith." ECF No. 37 at 6:7-11. That letter exclaims, "**IT'LL BE THE END OF LIVES** . . . **EMBODYING THE RAGE OF ALL MASS MURDERERS** . . . **WILL NEVER SEE IT COMING** . . . **IT WILL BE LIGHTS OUT**." *See* ECF No. 37-5 (capitalized and bolded in original). Equally concerning, the letter ends with the following: "CONGRATULATIONS YOU HAVE JUST BEEN ADDED TO THE HIT LIST . . . NO ONE IS WALKING AWAY UNSCATHED . . . P.S. CONGRATS ON YOUR WEDDING SHAWNA. HOPEFULLY YOU WILL BE AROUND FOR MANY YEARS TO ENJOY IT." *Id.* (capitalized in original).

-2-

In her Response, Ms. Smith argued that she never threatened anyone related to this litigation. *See* ECF No. 40, at 3:27-28 (stating that Fennemore's allegations that Ms. Smith has a history of threats and harassing behavior are "completely unfounded"); 5:19-20 ("Defense's false assertions that Ms. Smith sent threats to previously unknown third party, Ms. Radak, is completely unfounded and not based in any fact."); 5:21-22 ("Defense's false assertions that Ms. Smith threated [sic] Shannon Pierce and previously unknown third party, Ethan Thomas, is completely unfounded and not based in any fact."); 5:23-24 ("Defense's false assertions that previously unknown third parties Shawna Braselton and Wade Beavers were threatened by Ms. Smith is equally, completely unfounded and not based in any fact."); 11:17 ("Defense's assertions that Ms. Smith has ever issued threats is equally false and completely unfounded.").

Fennemore's Reply, therefore, addressed and rebutted Ms. Smith's demonstrably false claims that she had not threatened anyone related to this litigation by attaching additional exhibits to substantiate the arguments it made in the Motion and Ms. Smith disputed in her Response. The new exhibits include:

- Exhibit G [ECF No. 46-1] – a declaration from Shannon Pierce that Ms. Smith threatened to "f*ck [her] up" after a hearing in Ms. Smith's mother's litigation.

- Exhibit H [manually filed as ECF No. 47] – an audio recording of Ms. Smith where Ms. Smith can be heard threatening to punch Ms. Pierce in the face.

- Exhibit I [ECF No. 46-3] – a written transcript of Exhibit H, again detailing Ms. Smith's threat to punch Ms. Pierce in the face.

- Exhibit J [manually filed as ECF No. 47] – video footage of Ms. Smith's threats to Ms. Pierce, wherein Ms. Smith can be observed watching the elevator banks, waiting for Ms. Pierce, and approaching Ms. Pierce aggressively.

- Exhibit K [ECF No. 46-5] – a declaration of Latonia Smith previously filed in her mother's litigation, demonstrating that Ms. Smith's recitation of the altercation that she initiated with Ms. Pierce is directly contradicted by both audio and video evidence.

- Exhibit L [ECF No. 46-6] – various social media posts and messages that Samantha Radak received, many sent through pseudonyms, calling Ms. Radak "racist," a "bigot," a "piece of trash," and saying "b*tch die."

- Exhibit M [ECF No. 46-7] – a publicly filed affidavit of Latonia Smith, wherein Ms. Smith calls Ms. Pierce "a lying, lonely, bitter old woman and it seems as though she has a cognitive deficiency."

- Exhibit N [ECF No. 46-8] – excerpts from the deposition transcript of Ms. Smith's mother's former counsel, Brandon Trout, testifying that Ms. Smith told him it was actually Ms. Smith, not her mother, who drafted the motions for summary judgment, which included the subject medical records that Ms. Smith cross-moved to seal and for a protective order in her Response.

These exhibits directly contradict assertions made by Ms. Smith in her opposition brief and go to the heart of Fennemore's Motion—Ms. Smith's threats to the individuals associated with this litigation. As such, Fennemore's Reply did not bring up new arguments, but rather supported its original argument and rebutted the evidence presented in Ms. Smith's Response. Accordingly, the Court should deny Ms. Smith's Motion to Strike.

## II.   LEGAL ARGUMENT

Motions to strike are disfavored in litigation and should be granted sparingly. *Mag Instrument, v. Inc. v. JS Prod.'s Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008) (analyzing motion to strike affirmative defenses). While motions to strike should be used sparingly, "[t]hat does not mean that such motions are never granted, however." *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313 (N.D. N.Y. 2003). For example, the Court should grant a Motion to Strike where a party improperly files a surreply without seeking leave of Court, as Ms. Smith did previously in this action. *See Johnson v. Nevada*, 2:14-cv-01425-GMN-PAL, 2016 WL 6156066, at *1 (D. Nev. Oct. 20, 2016) (holding that Plaintiff did not seek leave of the court to file his surreply, and therefore, the surreply was improperly filed and should be stricken from the record.); *see also* ECF No. 67.

Generally, the Court will not consider a new issue raised for the first time in a reply brief. *Vasquez v. Rackauckas,* 734 F.3d 1025, 1054 (9th Cir.2013). When a party presents new evidence in reply, a court should not consider that evidence without giving the other party an opportunity to respond. *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir.1996). However, the court will not strike a Reply that addresses arguments and facts presented in the underlying motion and response. *See Panliant Fin. Corp. v. ISEE3D, Inc.*, 2:12-cv-01376-PMP, 2014 WL 3592718, at *8 (D. Nev. July 21, 2014). In a reply, a party may use evidence to rebut evidence presented in an opposition. *See Evans v. Encore Event Techs., Inc.*, No. 2:15-cv-1120-GMN-CWH, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) (denying motion to strike exhibit to reply brief in support of motion for summary judgment because it did not bring up new arguments, but rather supported the moving party's original argument and rebutted the evidence presented in the other party's response brief).

Here, Fennemore's Reply did not raise new arguments or recite new facts because the Reply directly related to Fennemore's argument in its opening brief that Fennemore's employees' reasonably fear[1] Ms. Smith based on her threatening behavior (*see* ECF No. 37 at 17:23-27) and responded to Ms. Smith's arguments that she has not threatened anyone related to this litigation. *See* ECF No. 40, at 3:27-28; 5:19-20; 5:21-22; 5:23-24;11:17.

Even if Fennemore's Reply raised new arguments, which it did not, Ms. Smith responded to these arguments in her Motion to Strike. *See* ECF No. 50 at 2:2-7 ("Like all of the exhibits presented by defendant, the evidence is out-of-context, outright false and/or blatant misrepresentations of the facts in their entirety, and it is no surprise why defendant must present exhibits in this way; they are guilty and the only way that they can absolve themselves of wrongdoing is to create new storylines even if they are false and directly contradictory to the actual facts and evidence."). As such, the rationale behind *Provenz* does not apply, and there exists no reason to strike Fennemore's Reply.

---

[1] Indeed, Ms. Smith affirmed in a January 29, 2019 declaration that she was hospitalized for "homicidal and suicidal ideation" and that seeing the termination of her mother led her "to anger and then despair." Declaration of Latonia Smith, attached as **Exhibit A**, at ¶ 8.

### III.  CONCLUSION

For each of these reasons, the Court should deny Ms. Smith's Motion to Strike.

Dated:  September 9, 2019.                        SNELL & WILMER L.L.P.


By: */s/ Michael Paretti*
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Fennemore Craig*

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **FENNEMORE CRAIG'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE FENNEMORE'S REPLY IN SUPPORT OF EMERGENCY MOTION TO QUASH** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

X **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

> Latonia Smith (*in Pro Per*)
> 9748 Canyon Landing Ave.
> Las Vegas, NV 89166
> Tel: (725) 203-2455 or (702) 521-3522

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

X **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

DATED this 9th day of September, 2019.

*/s/ [signature]*
An employee of SNELL & WILMER L.L.P.

4839-6140-4067

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| A | Declaration of Latonia Smith | 2 |

4839-6140-4067