JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
**BOWEN LAW OFFICES**
9960 W. Cheyenne Avenue, Suite 250
Las Vegas, Nevada 89129
(702) 240-5191; Fax (702)240-5797
twilcox@lvlawfirm.com
Counsel for respondents
Jerome R. Bowen & Brandon J. Trout

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

LATONIA SMITH,

            Plaintiff,

vs.

FENNEMORE CRAIG,

            Defendant.

**Case No.: 2:19-cv-00824-GMN-EJY**

**NON-PARTIES', JEROME BOWEN and BRANDON TROUT, RESPONSE TO PLAINTIFF'S MOTION TO HOLD BRANDON TROUT AND JEROME BOWEN IN CONTEMPT; MOTION TO COMPEL BRANDON TROUT AND JEROME BOWEN TO ATTEND DEPOSITION**

Non-parties, JEROME BOWEN and BRANDON TROUT, hereby submit this Response to Plaintiff's Motion to Hold Brandon Trout and Jerome Bowen in Contempt and Motion to Compel Brandon Trout and Jerome Bowen to Attend Deposition (ECF 53 and 54).

///

///

///

///

///

///

///

As set forth herein and in Non-parties', Jerome Bowen and Brandon Trout ("Bowen" and "Trout"), Motion to Quash Subpoena and/or Motion for Protective Order (ECF 52) the subpoenas served upon these non-parties violate Fed R. Civ. P. 45(d)(3)(A)(i), (iii) and (iv). Thus, Bowen's and Trout's Motion to Quash Subpoena and/or Motion for Protective Order must be granted and Plaintiff's Motion to Hold in Contempt and Motion to Compel must be denied.

This Response is made and based on the following memorandum of points and authorities and the pleadings and papers on file herein, as well as any oral argument presented at the hearing of this matter

DATED this 19th day of September, 2019.

**BOWEN LAW OFFICES**

*/s/ Jerome R. Bowen, Esq.*
JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
Attorneys for Non-Parties
Bowen and Trout

**I.**

**INTRODUCTION & SALIENT FACTS**

The day after Non-Parties, Bowen and Trout, filed their Motion to Quash Subpoena and/or Motion for Protective Order (ECF 52), Plaintiff filed her Motion (ECF 53/54) misrepresenting to the Court that "[a]s of this date, neither subject [Bowen and/or Trout] has moved for a protective order...." *See Plaintiff's Motion for Contempt filed September 5, 2019*. In advance of filing the Motion, Trout had sent an email on or about August 29, 2019 to Plaintiff objecting to the subpoenas and requesting a meet and confer time. No response from Plaintiff was made to said email.[1] Non-party Bowen was served on Sunday, September 1, 2019 (i.e., one business day before the requested

---

[1] See Exhibit 5 to Non-parties Motion (ECF 52)

**BOWEN LAW OFFICES**
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
(702) 240-5191  Fax (702) 240-5797

deposition) while presiding over a church service and congregation. The Plaintiff's subpoena for Bowen to appear for deposition to testify and produce documentation was scheduled for Wednesday, September 4, 2019 at 8:00 a.m. Given the lack of response of Plaintiff to the Trout email and the September 2, 2019 Labor Day holiday, there was no time prior to the Trout and Bowen depositions of September 3, 2019 and September 4, 2019 to file the Motion to Quash. Thus, Non-parties' Motion to Quash was timely filed.

Plaintiff alleges that defense counsel in the matter contacted Bowen and Trout to "warn" that subpoenas were being served. This is false. In addition, Plaintiff alleges that Bowen and Trout were evading service since they were unavailable and had to be served at alternative locations. Again, the Plaintiff's representation is false. Bowen and Trout do not take these accusations lightly as they practice law for a living. In fact, non-party Trout was already deposed in Plaintiff's mother's matter (Ms. Peruzar's state court case) on August 2, 2019.[2] As such, it is firmly believed that Plaintiff Latonia Smith would attempt to ask Trout many of the questions already asked in order to simply engage in harassment of the witness if she is allowed to proceed with the requested discovery.

## II.

### ARGUMENT

**A.    Non-Parties Bowen and Trout Have Established The Court Should Quash the Subpoenas**

Here, Plaintiff seek to take the deposition of non-parties, specifically the *brief* prior attorneys of her mother, Ms. Peruzar. Depositions of counsel are disfavored. See In Re County of Orange, 208 B.R. 117 (Bkrtcy. S.D.N.Y. 1997)(citing 2nd and 8th Circuit cases). Courts will generally permit the deposition of opposing counsel upon showing that alternative discovery avenues have been

---

[2] See Exhibit 6 to Non-parties Motion (ECF 52)

1   exhausted or proven impracticable, the information sought is relevant and non-privileged, and the
2   information is crucial to the preparation of the case. See United States v. Yonkers Board of Educ.,
3   946 F.2d 180, 185 (2d Cir. 1991).
4
5         Under the circumstances, the Plaintiff's motivation for deposing the Bowen and Trout is pure
6   harassment and improper at best. Furthermore, the Plaintiff has failed to make any showing of good
7   cause and/or relevance, let alone sufficient showing, of its need to depose Bowen and Trout for
8   purposes of her case. As such, it is apparent that the Plaintiff is endeavoring to engage in a tactic
9   to humiliate, oppress and/or harass the proposed deponents by undertaking unnecessary and
10  improper discovery. In fact, the Plaintiff's actions fly directly in the face of public policy and legal.
11
12        Plaintiff has not demonstrated that she has made efforts to seek alternative discovery.
13  Plaintiff has hardly "exhausted all alternative discovery avenues" and alternative avenues are not
14  impracticable. Further, Plaintiff in her moving papers sets forth no showing of why she believes the
15  depositions are relevant and/or what she expects the deposition testimony to show. It is clear, that
16  the discovery is some sort of a trumped-up effort to inflict as much harassment upon the Bowen and
17  Trout, for example in a vindictive nature. The attempt to further subject Trout to another deposition
18
19  which will likely be a repeat of the first harassing deposition in the other matter, is evidence of this
20  fact. As such, there is simply no good cause or justified reason to depose Bowen or Trout.
21  Moreover, as counsel for Ms. Peruzar for only several weeks, any substantive inquiry would be
22  protected by the attorney-client privilege or attorney work product doctrine.
23
24        Nevertheless, the Motion to Quash was timely made and Plaintiff's service of the Subpoenas
25  are not in compliance with Fed R. Civ. P. 45(d)(3)(A). The Rule requires a subpoena to be quashed
26  when it:
27              (i)      fails to allow a reasonable time to comply;
28              ...

**BOWEN LAW OFFICES**
Conquistador Plaza
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
(702) 240-5191  Fax (702) 240-5797

      (iii)    requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

      (iv)    subjects a person to undue burden.

Here, the Subpoenas fail to allow reasonable time to comply as the depositions were set for September 3 and 4, 2019 respectively. Further, Bowen and Trout are practicing attorneys with many existing deadlines and commitments which are set months in advance. Under the circumstances, Plaintiff's actions are inappropriate, unneeded, and unduly burdensome/prejudicial to Bowen and Trout.

Jerome Bowen and Brandon Trout, are non-parties to the underlying litigation. The information requested to be testified to and/or produced via the subpoenas is protected by the attorney-client privilege and work product doctrine as it relates to the *brief* representation of the Plaintiff's mother in **Case No. A-18-784032-C,** also a non-party to the underlying suit. The subpoena seeks to obtain information regarding Bowen Law Office's confidential research, work product, mental impressions, proprietary procedures and/or company information. This is inappropriate and in direct violation of Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv). Thus, this Honorable Court should quash the Subpoenas and disallow the depositions from proceeding forward.

**B.    Bowen's and Trout's Motion for Protective Order Should be Granted and Neither Should Not Be Compelled to Produce Documents or Tangible Items**

A non-party may respond to a subpoena duces tecum with a timely written objection, which qualifies as an adequate excuse for noncompliance. See Forsythe v. Brown, 281 F.R.D. 577 (D.Nev.2012)(holding that a non-party may respond to a subpoena duces tecum with a written objection). "Timely written objections to a subpoena in accordance with Rule 45(c)(2)(B) qualify as an 'adequate excuse' for noncompliance." Genx, 2018 WL 577485, at *9; citing In re Plise, supra; DeGeer v. Gillis*,* 755 F. Supp. 2d 909, 930 (N.D. Ill. 2010); and In re Exxon Valdez, 142 F.R.D.

380, 385 (D.C. 1992). **"When a nonparty raises timely objections to the subpoenas, the nonparty is not required to produce documents, or even search for them, until the propounding party obtains an order to produce documents ... [or] directing compliance."** Genx, supra; citing Pennwalt Corp v. Durand-Wayland, Inc., 708 F.2d 492, 494 & n.5 (9th cir. 1983); and In re Plise, 506 B.R. at 878; DeGeer, 755 F. Supp. 2d at 930. [emphasis added]. Notwithstanding the foregoing, as noted above, on August 29, 2019, non-party Trout sent an email objection to his subpoena with no response and Non-parties' Bowen and Trout filed a Motion to Quash objecting to their subpoenaed appearances and the command to produce documents.

In addition, Bowen and Trout are not intending to waive the existing privilege or doctrine. Montgomery v. eTreppid Technologies, LLC, 548 F. Supp.2d 1175, 1177 (D. Nev. 2008)("Only the holders of the attorney-client privilege, may waive it") Thus, in order to comply with plaintiff's subpoenas while maintaining the attorney-client privilege, Bowen and Trout would be forced to gather and review file materials in order to determine which, if any, subpoenaed materials may be produced and which are subject to attorney-client privilege, and then formulate a privilege log. Yet, no relevance of any of the requested material has been shown, for example.

Moreover, Bowen and Trout would require additional time to prepare for their testimony concerning the documents that are being required to produce, particularly in light of the need to protect privileged materials and conversations. As drafted plaintiff's subpoena is exceedingly broad, seeking "all" correspondence regarding Plaintiff or her mother, and clearly intending to elicit information that is not relevant of proportional to the needs of the case in the confect of this litigation. It is well established that non-parties to litigation enjoy greater protection from discovery than normal parties. Laxalt v. McClatchy, 116 FRD 455, 458 (D. Nev. 1986). Therefore, given the burdensome and prejudice to Bowen and Trout and the lack of any showing of good cause or

supportive argument whatsoever by Plaintiff to allow the requested discovery and/or production, Plaintiff's Motion to Compel and Motion for Contempt should be denied in its entirety.

### III.

### CONCLUSION

Based upon the foregoing, the Court should deny Plaintiff's Motion to Hold Bowen and Trout in Contempt and the Motion to Compel Bowen and Trout to Attend a Deposition (ECF 53 and 54) in their entirety, and grant Bowen's and Trout's filed Motion to Quash Subpoena and/or Motion for Protective Order (ECF 52) . In addition, the Plaintiff should be sanctioned for the harassing nature of the attempted discovery and the necessity of filing the Motion and this Response.

DATED this 19th day of September, 2019.

**BOWEN LAW OFFICES**

/s Jerome R. Bowen, Esq.
JEROME R. BOWEN, ESQ.
Nevada Bar No. 004540
Attorneys for Non-Parties
Bowen and Trout