LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166
725-203-2455
PLAINTIFF IN PROPER PERSON

```
____ FILED       ____ RECEIVED
____ ENTERED     ____ SERVED ON
              COUNSEL/PARTIES OF RECORD

        SEP 20 2019

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LATONIA SMITH,

               Plaintiff(s),

      -vs-

FENNEMORE CRAIG,

               Defendant(s).

CASE NO. 2:19-cv-00824-GMN-EJY

**REPLY IN SUPPORT OF MOTION TO COMPEL ATTENDANCE AT DEPOSITION, PRODUCTION OF DOCUMENTS, AND FORENSIC EXAMINATION**

     Plaintiff, Latonia Smith, submits this Reply in Support of her Motion to Compel Fennemore Craig parties to attend deposition, produce documents, and allow forensic examination. Counsel for deponents cite that the subpoenas blanket objections to allowing Plaintiff to conduct discovery that is at the heart of this case.

     Plaintiff's Reply is based on the papers and pleadings on file herein, the memorandum of points and authorities, and any other written or oral arguments on the topic.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    FACTS AND BACKGROUND**

     This Court has already been made aware that Plaintiff is not a subject in Mrs. Peruzar's lawsuit (see Opposition to Samantha Radak's and Deborah Gianini's Motion to Quash Subpoenas Exhibit A).

**Targeting of Ms. Smith**

     In 2017, defendants engaged in a conspiracy to fire Mrs. Peruzar after they falsified documents and began slandering/defaming Mrs. Peruzar in order to frame Mrs. Peruzar for a theft that was committed by another employee. Since it has been overwhelmingly revealed that Mrs. Peruzar was indeed framed (the victim in question signed an affidavit indicating that Mrs. Peruzar did not commit the theft since Mrs. Peruzar was not the one working on his floor or cleaning his room on the day that the theft occurred). Since the created story to frame Mrs. Peruzar was unlikely and the involved parties were not assured that Mrs. Peruzar would be fired (without the opportunity to be re-instated), defendants and their cohorts began creating messages and asserting that these messages came from Ms. Smith, who they (and their cohorts) had researched before-hand. After terminating Mrs. Peruzar defendants and their

cohorts continued the conspiracy. Plaintiff was publicly defamed causing her to be hospitalized. One of the first third parties that was contacted, spreading these defamatory accusations, was the third-party witness Teri Pringle (part of her testimony has been submitted to the court). The defamatory actions continued even after parties were warned to cease their actions. Several months later (and because Mrs. Peruzar was still in a position to be re-employed) defendants and their cohorts then randomly began filing protective order against Ms. Smith and added Ms. Smith to a random lawsuit containing 50 DOE parties as retaliation. The matters were disposed of by admission of CEC/PHWLV themselves that they had no evidence pointing to Ms. Smith. In fact, all that was used to target Ms. Smith were the fabricated messages that defendants and their cohorts continually insert into every matter and which is at subject after they were created by CEC/PHWLV, Fennemore Craig, and their associates. Third party witnesses, who have remained anonymous due to the fear of retaliation, have also implicated parties in these unlawful goals (see Exhibits in Plaintiff's Opposition to defendant Fennemore Craigs motion to dismiss).

Mrs. Peruzar filed a lawsuit against CEC/PHWLV in November of 2018 based on the matters concerning falsification of evidence concerning a guest complaint in order to frame and terminate her and gross defamation (non-exhaustive herein). Namely, a wrongful termination suit. It is evident that Mrs. Peruzar went out of her way to preclude Ms. Smith from all matters, but when Mrs. Peruzar filed the lawsuit, defendants and their cohorts continued their hateful and malicious targeting of Ms. Smith, seeking to resurrect their failed 2017 plot. In fact, their plot became quite evident when defendant's party directors and employees began using the court system to file frivolous TPOs against Smith within several days of one another, in multiple locations.

On August 1, 2019 this Court issued subpoenas for some of the party directors and employees that have been involved in the conspiracy.

Counsel for defendant Fennemore Craig issued hollow objections on August 12, 2019 and refused to properly meet and confer. Specifically, although Plaintiff informed counsel (way before any meet and confer) that she would not meet and confer with individuals who were not parties in this case (nor do the rules allow for such a conference), defense counsel proceeded to insert a separate party and refused to meet and confer with Plaintiff as provided by the rules. After Ms. Smith noted that defense's discovery objections were hollow, defense then went on to file an Emergency Motion asserting many desperately false accusations in a further attempt to prevent the Plaintiff from conducting discovery.

## II.   ARGUMENT RESPONSE

### A.   PLAINTIFF IS WAS WELL WITHIN THE RULES AND THIS COURT'S ORDERS TO COMPEL DISCOVERY

Defendant submitted a one-sided discovery report that was denied by Judge Foley. In fact, Judge Foley ordered that discovery begin despite defendant's frivolous Motions to Dismiss. In Plaintiff's Motion to Compel, Plaintiff stated that the case conference argument over staying discovery (specifically Plaintiff cited in her conference report that she should be allowed to conduct discovery on the many factual contentions raised in defendant's motions to dismiss where Plaintiff also has the right to update the record) became moot when discovery was ordered to begin by Judge

Foley (defendant incorrectly read Plaintiff's motion). When Plaintiff began compelling discovery, the order was still in effect and remains in effect. Defendant's argue that their Motion to Dismiss is solely grounds for a stay, but it is clear that this Court decided otherwise, and many Courts have cited the same, especially, whereas here, the Motions to Dismiss mainly contain factual contentions and only serve to prejudice the Plaintiff in gathering evidence. The Federal Rules of Civil Procedure do not provide for a stay of proceedings. Ordinarily, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 544, 556 (D. Nev 1977) (quoting T*win City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery (Id.) "The fact that a non-frivolous (frivolous in this case, emphasis added) motion is pending is simply not enough to warrant a blanket stay of all discovery." *Tradebay* at 603. In this case, defendant has not provided a strong showing that discovery should be stayed.

### B. PLAINTIFF WAS ONLY REQUIRED TO MEET AND CONFER WITH COUNSEL FOR DEFENDANTS

Defendant cites FRCP 26(c) as an excuse to include a non-party (who is the defense in a separate case) in a meet and confer concerning this instant case. In addition to the fact that the defense is representing a separate case and is a non-party (not a party), the defense in the separate case was not representing any of the individuals that were subpoenaed[1]. Thus, the case cited by defendants is distinguishable in that the non-party was actually involved in the proceedings and moving for a protective order and to quash a subpoena. Since the rules of Federal Procedure only require Ms. Smith to meet and confer with a party to the action (which includes someone actually participating in a filing in the action), Ms. Smith was in her right to require that the meet and confer be held only with a party to the action (especially whereas here the non-party was defense for a separate case).

As another support for denying defendant's frivolous emergency motion and blanket attorney-client arguments, the court in *NML Capital Ltd. V. Republic of Argentina* noted that a party seeking a blanket protective order (as the defendant is) "typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Folts*, 331 F.3d at 1131. See also *Beckman Indus., Inc v. Int's Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket protective orders are over inclusive by nature and do not include a finding of "good cause").

### C. THE FENNEMORE EMPLOYEES ARE PARTIES AS WELL AS THE CORPORATION

Defendant cites that because Plaintiff initiated the lawsuit against the corporation, the Plaintiff should not be allowed to conduct discovery of the corporations' employees who were involved in the issues concerning the case and cites them as non-parties (Plaintiff stands by the fact that the subpoenaed individuals with respect to Ms. Braselton are parties). Whether defendant wants to acknowledge the individuals as parties or non-parties, the fact remains that the Plaintiff is entitled to discovery from these individuals who were directly involved in conspiring against Ms. Smith. Plaintiff *may* seek a 30(b)(6) deposition *and* depose individual witnesses about their involvement

---

[1] The non-party defense later came on (after the fact) to represent Samantha Radak and Deborah Gianini creating his own conflict of interest.

and matters concerning the case (the two are not mutually exclusive). Courts have acknowledged that "nonparties are not... immune from discovery" on a showing of relevance. *Ross v. Santa Clara County Sheriff's Dept*, 2015 WL 4511341, *2 (N.D. Cal. July 23, 2015) (distinguishing *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986). Under the rules of civil procedure, information is also generally discoverable, even from third parties.

Defendants move back into the blanket assertion of attorney-client privilege, and, important to notate, they do not outright deny that the subpoenaed individuals' central relevance to and involvement in the matters concerning the case; they only continue to argue about their party or non-party status. The fact remains that the subpoenaed individuals were involved in targeting the Plaintiff and their attorney-client claims are subject to the crime-fraud exception; the Plaintiff has the right to depose these individuals, gather documents, and conduct a tailored forensic examination based on the fact that they have participated in a fraud.

In defense counsel's August 12, 2019 objection correspondence to Ms. Smith, he improperly requests that Ms. Smith provide a list of deposition topics.

### D. THE CRIME-FRAUD EXCEPTION APPLIES TO ANY PRIVILEGE DEFENDANT ASSERTS

Plaintiff reincorporates her arguments regarding the crime-fraud exception contained in her Motion to Compel. Plaintiff reincorporates the evidence supporting the claim of crime-fraud contained in her Opposition to defendant's Motion to Dismiss. The defendant and witnesses have already been implicated in intending to commit and further a crime/fraudulent act partly by use of the judicial system and the Plaintiff has made sufficient showing to assert that fact (it is not based just on assertions). It is well settled that the attorney-client privilege does not extend to attorney-client communications which solicit or offer advice for the commission of a crime or fraud.

### E. FORENSIC EXAMINATION

Plaintiff reincorporates her arguments regarding forensic examination contained in her Motion to Compel.

Defendant did agree to allow forensic examination and preserve such evidence for forensic examination during the case conference.

As previously stated, as in the case herein, where the devices and the information contained on the devices are at the heart of the case, forensic examination is allowed by courts following agreed upon protocols and experts. Namely, the witnesses and their cohorts used their personal and work devices to falsify and create evidence in an effort to target Ms. Smith. Ms. Smith's tailored subjects also show that Ms. Smith is not on a fishing expedition; the subpoenas require tailored evidence to be produced that defendants simply don't want produced because they are aware of their own guilt.

Defense attempts to mischaracterize all of Plaintiff's arguments supporting the forensic examination by making a blanket assertion (like all others) that Ms. Smith is going on a fishing expedition, despite the face of the subpoenas suggesting otherwise.

Nowhere in the Plaintiff's subpoenas does it suggest the Plaintiff is going on a fishing expedition. The subject matter is regarding a specific time period, specific individuals, and specific matters at subject in this instant case.

The Plaintiff cited her search parameters (based on the same parameters used by courts when ordering forensic examinations), and left room for this Court to implement further parameters, thus defendant's arguments over the parameters and standards are incognizable. For defendant to suggest that the witnesses will hand over criminally implicating evidence (unaltered) is ignorant of the facts, testimony, and evidence that has already been produced in this case. Namely, gathering the reliable evidence, especially in this case, where the entities are prone to committing fraud requires a forensic examination of the devices used.

Defendant's arguments concerning a privilege log is incognizable. Specifically, Plaintiff is unable to make out what portion of the motion defense is arguing about or what point defense is trying to make.

### F. THE SUBPOENAS ARE PROPER REGARDING THE GEOGRAPHICAL LIMITATIONS

Plaintiff reincorporates her arguments regarding deposition locations contained in her Motion to Compel. Plaintiff relies on both portions of rule FRCP 45(C). Simply put, all subpoenaed individuals conduct business in Las Vegas, NV associated with Fennemore Craig Las Vegas, thus Plaintiff is within the rules in requiring all individuals to attend deposition in Las Vegas, NV. Under Nevada Rules and as stated, Plaintiff is not required to issue witness fees/fees to attorneys, and Plaintiff has cited issuing fees to non-attorneys when the matters are resolved.

Dated this 20th day of September 2019

/s/ Latonia Smith
LATONIA SMITH
9748 CANYON LANDING AVE.
LAS VEGAS, NV 89166

**CERTIFICATE OF SERVICE**

I certify that I am serving a true and correct copy of the attached REPLY IN SUPPORT on the parties set forth below by:

_____  placing an original or true copy thereof in a sealed envelope with the correct prepaid postage affixed for collection and mailing in the United States Mail, at Las Vegas, Nevada.

\_\_\_X\_\_\_  Certified Mail, Return Receipt Requested of the document(s) listed above to the person(s) at the address(es) set forth below

_____  E-service

_____  Personal delivery through a process server of the document(s) listed above to the person(s) at the address(es) set forth below

Alex Fugazzi and Michael Paretti

SNELL AND WILMER

3883 Howard Hughes Parkway Suite 1100

Las Vegas, NV 89169

702-784-5200

afugazzi@swlaw.com

mparetti@swlaw.com

/s/ Latonia Smith

Plaintiff, In Proper Person

Dated this 20th day of September 2019