Alex L. Fugazzi (Nevada Bar No. 9022)
Michael Paretti (Nevada Bar No. 13926)
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
afugazzi@swlaw.com
mparetti@swlaw.com

*Attorneys for Defendant Fennemore Craig*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>　　　　　　Plaintiff(s),<br><br>-vs-<br><br>FENNEMORE CRAIG,<br><br>　　　　　　Defendant(s). | Case No.:　2:19-cv-00824-GMN-EJY<br><br>**FENNEMORE CRAIG'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

　　　　Defendant Fennemore Craig ("Fennemore"), by and through its counsel of record, Snell & Wilmer L.L.P., hereby submits its Response to Plaintiff Latonia Smith's ("Ms. Smith") Objections to Magistrate Judge's Report and Recommendation [ECF No. 69]. This Response is based upon the following memorandum of points and authorities, the pleadings and papers on file in this action, and any oral arguments the Court may entertain.

- 1 -

4832-9736-6697

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court has already found that "Judge Youchah did not abuse her discretion in granting the Order to Stay Discovery." ECF No. 73 (Denying Ms. Smith's Emergency Motion to Vacate Magistrate Order). However, Fennemore files the instant Response to Ms. Smith's objections in an abundance of caution since the Court's Order denying the Motion to Vacate Judge Youchah's Order did not specifically reference Ms. Smith's Objections, and because Ms. Smith's Objections are rife with false accusations.

Judge Youchah's twelve-page Order Staying Discovery, ECF No. 67, is neither "teeming with bias" nor an "abuse of discretion." Indeed, the Court already held that Judge Youchah did not abuse her discretion in staying discovery. *See* ECF No. 73. Nevertheless, Ms. Smith falsely and repeatedly accuses Judge Youchah of not having read "any motions set forth outside of those set forth by defendants." ECF No. 69 at 2:18-19. Ms. Smith makes this accusation after she questioned Judge Youchah on this very issue, to which Judge Youchah unequivocally responded:

> I looked at . . . the motion, the opposition, and the reply. I've looked at all the pleadings in this case not just one side. I've read your [Ms. Smith's] motions, your oppositions, your replies, defendant's motions, oppositions, and replies, as well as those filed by third parties. I looked at everything, spent quite a bit of time. That's why this has been sitting for some period of time. It was a lot to review.

ECF No. 69 at 62 (transcript of hearing page 49).

Judge Youchah's Order was not erroneous, nor was it a "favor" to Fennemore. Judge Youchah issued a detailed and comprehensive order setting forth the governing law and applying it to the Parties' respective positions. Fennemore submits that it satisfied its burden to obtain a stay of discovery as fully set forth in its Motion [ECF No. 19], as well as Judge Youchah's Order [ECF No. 67], and that Judge Youchah did not abuse her discretion in staying discovery [ECF No. 73].

Moreover, Ms. Smith's arguments are wholly unsupported by evidence or authority. Ms. Smith cites to no case law that suggests the Court abused its discretion in applying the preliminary peek analysis. Nor does Ms. Smith provide any authority to support her position that Judge Youchah's Order staying discovery retroactively was "unprecedented." A stay of discovery, by its very nature, stays a party's obligations to conduct and/or respond to outstanding discovery. *See,*

*e.g., Sou v. Bash*, Case No. 2:15-cv-698-APG-VCF, 2015 WL 7069297 *at 2 (D. Nev. November 10, 2015) (holding that the purpose of a stay of discovery "is to protect a party from the expense of engaging in discovery" where fundamental issues exist.) Thus, the underlying purpose of a stay of discovery would be subverted if the stay did not take effect and apply to outstanding discovery.

Likewise, Ms. Smith has not presented any evidence that the Court "wants to give Fennemore an unfair advantage" by issuing a stay, or that there is a risk of spoliation of evidence during a brief stay. Ms. Smith's arguments are unsupported by law or fact.

Finally, Judge Youchah's Order staying discovery was predicated on a finding that Fennemore has a "substantial likelihood" of prevailing on its Motions to Dismiss. If the Court grants Fennemore's Motions to Dismiss, the issue of a stay of discovery becomes moot. Likewise, if the Court denies Fennemore's Motions to Dismiss, the stay of discovery will be lifted. Accordingly, Ms. Smith's Objections serve no distinct purpose.

Ms. Smith's Objections fail for each of these reasons and as set forth fully in Fennemore's Motion to Stay. Accordingly, the Court should deny Ms. Smith's Objections.

Dated: October 21, 2019.                SNELL & WILMER L.L.P.

By: */s/ Michael Paretti*
Alex L. Fugazzi, Esq. (NV Bar No. 9022)
Michael Paretti (NV Bar No. 13926)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
*Attorneys for Defendant Fennemore Craig*

-3-

4832-9736-6697

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **FENNEMORE CRAIG'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** by method indicated below:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

X **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

> Latonia Smith (*in Pro Per*)
> 9748 Canyon Landing Ave.
> Las Vegas, NV 89166
> Tel: (725) 203-2455 or (702) 521-3522

☐ **BY OVERNIGHT MAIL:** by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐ **BY PERSONAL DELIVERY:** by causing personal delivery by, a messenger service with which this firm maintains an account, of the document(s) listed above to the person(s) at the address(es) set forth below.

X **BY ELECTRONIC SUBMISSION:** submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

DATED this 21st day of October, 2019.

*/s/ [signature]*
An employee of SNELL & WILMER L.L.P.

4832-9736-6697