UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LATONIA SMITH,<br><br>   Plaintiff,<br><br>   v.<br><br>FENNEMORE CRAIG,<br><br>   Defendant. | Case No. 2:19-cv-00824-GMN-EJY<br><br>**ORDER**<br>**Re: Second Motion to Lift Stay**<br>**(ECF No. 75)**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION**<br>**Re: Second Motion to Vacate Order of**<br>**Magistrate Judge**<br>**(ECF No. 74)** |

Presently before the Court is Plaintiff's Second Motion to Vacate Order of Magistrate Judge (ECF No. 74) and Second Motion to Lift Stay (ECF No. 75). The Court has considered the instant Motions, as well as Defendant's Response (ECF No. 78).

**I.   PLAINTIFF'S SECOND MOTION TO LIFT STAY**

On this same date, the Court considered Plaintiff's Emergency Motion to Lift Stay, which the Court denied. EFC No. 79. The decision of the Court in ECF No. 79 is incorporated by this reference as if fully set forth herein. The stay was warranted and properly granted in light of the circumstances of this case, and the case law that supports the Court's findings. *See Morrison v. Quest Diagnostics Inc.*, No. 2:14–cv–01207, 2015 WL 1640460, *3 (D. Nev. April 9, 2015); *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011). Thus, the Court denies Plaintiff's Second Motion to Lift Stay.

**II.   PLAINTIFF'S MOTION TO VACATE ORDER OF MAGISTRATE JUDGE**

In the instant Motion, Plaintiff asserts that she "does not agree that [the] magistrate judge who is not deciding the motions to dismiss or the opposition thereto should use the 'preliminary peek' test when deciding . . . a motion to stay; the balancing test, which should have been used was not used . . . ." ECF No. 74 at 3:1–5. Irrespective of what Plaintiff believes, "the Ninth Circuit has held that a district court may enter a protective order staying discovery when a motion to dismiss for

1

failure to state a claim on which relief may be granted is pending if the district court 'is convinced that the plaintiff will be unable to state a claim for relief.'" *Tradebay, LLC*, 278 F.R.D. at 602 (citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).  A magistrate judge is therefore tasked with taking a "preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Id*. (internal alteration omitted).  Because Rule 1 of the Federal Rules of Civil Procedure is the Court's "prime directive," the preliminary peek is "not intended to prejudge [the underlying motion's] outcome.  Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."[1]  *Id*.

In its September 30, 2019 Order, this Court took a preliminary peek at the pending Motion to Dismiss (ECF No. 11) as it is required to do and found:

> [Plaintiff's] Complaint is highly unlikely to survive for six reasons: (1) Fennemore is immune from liability under NRS 41.650; (2) Plaintiff's claims are barred by the absolute litigation privilege; (3) Plaintiff has not pleaded and cannot prove an actionable civil conspiracy; (4) Plaintiff has not pleaded a plausible claim for slander/slander per se or defamation/defamation per se claim; (5) Plaintiff has not pleaded a plausible claim for IIED; and (6) Plaintiff's cause of action for a permanent injunction fails as a matter of law.

ECF No. 67 at 4:22–28.  Applying the factors enumerated in *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995), a stay of discovery was warranted because: (i) the pending Motion to Dismiss (ECF No. 11) is a challenge as a matter of law and can be decided without discovery; (ii) this action is not complex; (iii) no counterclaims and/or cross-claims have been raised; (iv) the sole Defendant requested a stay of discovery; and, (iv) this case is at its procedural infancy.  In accordance with Rule 1's directives, the Court therefore stayed discovery to preserve judicial resources and to streamline the determination of this likely unsuccessful action.  ECF No. 67; *see also Morrison*, 2015 WL 1640460 at *3 ("Staying discovery when a court is convinced that the Plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and litigants.").

---

[1] Federal Rule of Civil Procedure 1 direct that the Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action."

Plaintiff also takes issue with the fact that "the magistrate judge cited she could be wrong. Her 'unsure' order presents a prejudice to the Plaintiff." ECF No. 74 at 5:1–2.  While it is true that United States District Judge Gloria M. Navarro may ultimately deny Defendant's Motion to Dismiss (ECF No. 11), this Court believes Defendant has made a "strong showing" that Plaintiff will not succeed on her claims.  This is a sufficient basis upon which to grant a stay of discovery.  *Skellerup*, 163 F.R.D. at 600 (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  Further, Judge Navarro signaled agreement with the stay of discovery in her October 11, 2019 Order denying Plaintiff's Emergency Motion to Vacate the United States Magistrate Judge's Order.  ECF No. 73.  As stated by the Court, "Judge Youchah did not abuse her discretion in granting the Order to Stay Discovery." *Id*.

Because no developments necessitate revisiting the question of whether to vacate the Court's Order granting Defendant's Motion to Stay Discovery (ECF No. 67), this Court recommends that Plaintiff's Motion to Vacate Order of Magistrate Judge (ECF No. 74) be denied.

**III.   ORDER**

IT IS HEREBY ORDERED that Plaintiff's Second Motion to Lift Stay (ECF No. 75) is DENIED.

**IV.   RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Vacate Order of Magistrate Judge (ECF No. 74) be DENIED.

DATED THIS 26th day of November, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE


1  **NOTICE**

2  Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be
3  in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has
4  held that the courts of appeal may determine that an appeal has been waived due to the failure to file
5  objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also
6  held that (1) failure to file objections within the specified time and (2) failure to properly address
7  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
8  factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
9  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).