**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LATONIA SMITH, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-00824-GMN-EJY |
| vs. ) | |
| ) | **ORDER** |
| FENNEMORE CRAIG, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff Latonia Smith's ("Plaintiff's") Motion to Stay, (ECF No. 86). Defendant Fennemore Craig ("Defendant") filed a Response, (ECF No. 87), and Plaintiff filed a Reply, (ECF No. 88).

On March 4, 2020, the Court granted Defendant's Motions to Dismiss, (ECF Nos. 10–11), disposing of all claims in Plaintiff's Complaint. (*See* Order, ECF No. 83). The Court directed Plaintiff to file an amended complaint addressing the claims dismissed without prejudice within twenty-one days of its Order. (*Id.*). Instead, Plaintiff filed the present Motion, requesting that the Court stay the case pending the outcome of her criminal trial in 2:19-cr-00304-RFB-VCF because she does not have access to "orders, motions, case law, evidence, facts, or a computer" while incarcerated. (Mot. Stay ¶¶ 5–7, ECF No. 86). Defendant counters that Plaintiff has not met the heavy burden required to justify a stay. (Resp. 2:3–5, ECF No. 87).

"A district court has discretionary power to stay proceedings in its own court . . . ." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When deciding whether to issue a stay, the court must weigh competing interests including: (1) the possible damage which may result from the granting of a

stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The proponent of a stay bears the burden of establishing its need. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

In the present case, Plaintiff has not met her burden of establishing the need for a stay because she has not demonstrated any hardship that she will suffer by proceeding with the case. In fact, the only burden identified by Plaintiff is that she does not have access to certain legal materials while incarcerated, which is not a sufficient reason to order a stay, especially when Plaintiff has demonstrated no difficulty filing motions and responsive pleadings throughout this case. *See, e.g.*, *Robben v. Carson City*, No. 3:13-cv-00438-MMD-VPC, 2015 WL 1280726, at *3–4 (D. Nev. Mar. 19, 2015) (declining to grant plaintiff's motions to extend time because despite plaintiff's lack of access to resources, such as a law library or computer, he still filed numerous documents while in custody); (Mot. Stay ¶¶ 5–7).

Further, to continue with the case, Plaintiff need only file an amended complaint "contain[ing] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As such, Plaintiff need not consult "orders, motions, case law, evidence . . . or a computer" because she is only required to allege the facts of her case. (Mot. Stay ¶ 6). Finally, since jury trials in the District of Nevada have been "postponed until further notice" as a result of the spread of COVID-19, a stay pending the outcome of her trial would prolong this case indefinitely. (*See* D. Nev. General Order 2020-03).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay, (ECF No. 86), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff has twenty-one days from the date of this Order to file an amended complaint correcting the deficiencies of the claims dismissed without prejudice in the Court's Order, (ECF No. 83).  If Plaintiff elects not to timely amend the claims dismissed without prejudice, the Court will close the case and enter judgment accordingly.

**DATED** this __14__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court