UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LATONIA SMITH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>FENNEMORE CRAIG,<br><br>　　　　Defendant. | Case No. 2:19-cv-00824-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>ECF No. 91 (Motion to for Leave to File Amended Complaint) |

Pending before the Court is Plaintiff Latona Smith's Motion for Leave to File Amended Complaint (ECF No. 91). The Court has considered Plaintiff's Motion, Defendant's Response (ECF No. 92), and Plaintiff's Reply (ECF No. 93).

**I.    Background**

This case commenced on May 13, 2019 when Plaintiff filed her original complaint. ECF No. 1. After a substantial number of filings and motion practice regarding remand, discovery, and dismissal of claims, the Court issued an Order on March 4, 2020 regarding Defendant's Motions to Dismiss (ECF Nos. 10 and 11) and Plaintiff's Cross Motion to Amend (ECF No. 22). ECF No. 83. That Order granted Plaintiff twenty-one days from March 4, 2020 to file an amended complaint regarding claims dismissed without prejudice. *Id*. Plaintiff did not do so. Instead, Plaintiff filed a Motion to Stay Case, which the Court denied on December 14, 2020. ECF No. 89. In the same Order, the Court granted Plaintiff an additional twenty-one day period within which to file an amended complaint. *Id*. Plaintiff's amended complaint was therefore due no later than January 4, 2021.

It is undisputed that Plaintiff did not file her Motion to Amend until March 8, 2021. ECF No. 91. It is further undisputed that an amended complaint was not attached to Plaintiff's Motion. *Id*. Nonetheless, the Court liberally construes pages 8 through 13 of Plaintiff's Motion for Leave to

1

File an Amended Complaint as the proposed amended complaint. In that proposed amended complaint Plaintiff seeks to assert claims for civil conspiracy, defamation/defamations per se, breach of contract, and intentional infliction of emotional distress.

**II.     Discussion**

  A. <u>The Timeliness of Plaintiff's Motion to Amend</u>.

  On two occasions, the Court granted Plaintiff the opportunity to amend her Complaint in an effort to prevent dismissal of all claims. ECF Nos. 83 and 89. Plaintiff's instant Motion comes 61 days after the Court granted her a second opportunity to file an amended complaint. *Compare* ECF Nos. 89 and 91. Plaintiff explains that her Motion is untimely because she was transferred from one facility to another and did not receive the Court's December 14, 2020 Order until February 2021. ECF No. 91 at 1. The exact day in February Plaintiff received the Court's December 14, 2020 Order is not clear; however, it appears to be the same day she hand wrote her Motion and proposed amended complaint—February 1, 2021. *Id*. Giving Plaintiff the benefit of the doubt regarding when she received the Court's Order and the promptness with which she responded, the Court declines to recommend denial of Plaintiff's Motion based on timeliness.

  B. <u>Plaintiff's Violation of LR 15-1(a)</u>.

  Defendant takes issue with Plaintiff's failure to attach a copy of the proposed amended complaint to Plaintiff's Motion. ECF No. 92 at 5. While Defendant is technically correct that Plaintiff does not attach a copy of her amended pleading to her Motion, she does include her amended pleading within her Motion on pages 8 through 13. Thus, the Court chooses not to apply an overly technical reading of LR 15-1(a) to this pro se Plaintiff's filing and declines to recommend denial of Plaintiff's Motion based on the failure to comply with LR 15-1.

  C. <u>Plaintiff Fails to State Claims Upon Which Relief May Be Granted</u>.

  Plaintiff's Motion for Leave to File Amended Complaint is reviewed by the Court under Fed. R. Civ. P. 15. Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course . . . 21 days after serving it." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). A motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely

2

"when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987) (internal citation omitted). The amendment standard is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

There are five factors courts consider when deciding whether to grant leave to file an amended complaint. These include "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Interior Electric Incorporated Nevada v. T.W.C. Construction, Inc.*, Case No. 2:18-cv-01118-JAD-VCF, 2019 WL 1767884, at *2 (D. Nev. Apr. 22, 2019) (internal citation omitted). The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)). Because Plaintiff has had multiple opportunities to state the claims she seeks to assert through her current amendment, the facts upon which Plaintiff bases those claims have not changed (*compare* ECF Nos. 1, 22 and 91), and granting continued opportunities to allow Plaintiff to amend would unduly prejudice Defendant, the Court recommends denying Plaintiff's Motion for Leave to File Amended Complaint and dismissing this action.

          1.     *The Iqbal/Twombly Standard*.

A complaint must include "[a] short and plain statement of claims showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Well pleaded allegations of material fact asserted in a complaint will be treated as true, while legal conclusions are not entitled to the same presumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must do more than assert "[t]hreadbare recitals of the elements of a cause of action." *Id*. at 678 (internal citation omitted). Instead "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal citation and quote marks omitted). A facial plausible claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Id*. (internal citation omitted).  In sum, the U.S. Supreme Court's decision in "*Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." *Hester v. Stout Management*, Case No. 2:20-cv-02115-APG-VCF, 2020 WL 7427522, at *1 (D. Nev. Dec. 18, 2020) *citing Iqbal*, 556 U.S. at 680 *citing Twombly*, 550 U.S. at 547.

### 2. Plaintiff's Civil Conspiracy.

As explained in the Court's March 4, 2020 Order, "[a]n actionable civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." ECF No. 83 at 14 *citing Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998) (internal citations and quotation marks omitted).  In her proposed amended complaint, Plaintiff reasserts her civil conspiracy claim incorporating the facts asserted in her "first complaint cause of action #2," and further alleges that Defendant conspired with "CEC/PHWLV" (Caesars Entertainment Corporation and Planet Hollywood Las Vegas) to defame Plaintiff by calling her a schizophrenic and breaching a confidential settlement agreement. ECF No. 91 at 8.

However, on March 4, 2020, the Court dismissed Plaintiff's civil conspiracy claim against Fennemore Craig with prejudice.  ECF No. 83 at 23.  As such, res judicata bars reassertion of this claim.

> There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case. *See Colonial Auto Center v. Tomlin (In re Tomlin)*, 105 F.3d 933, 936–37 (4th Cir. 1997); *Daewoo Electronics Corp. of America, Inc. v. Western Auto Supply Co.*, 975 F.2d 474, 478 (8th Cir. 1992). As we said in *Concha v. London,* 62 F.3d 1493, 1508 (9th Cir. 1995), "[t]he plaintiff is precluded from bringing another action for the same cause" when "the dismissal of his action with prejudice stands." *Id.* at 1508; *see also Himalayan Ind. v. Gibson Mfg. Co.,* 434 F.2d 403, 405 (9th Cir. 1970).  Those dismissals have res judicata effect because, it is said, they are on the merits, and "'[u]nder res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590, 593 (9th Cir. 1985).

*In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999).

Accordingly, under the principles of res judicata, Plaintiff cannot revive her civil conspiracy claim in her proposed amended complaint and the Court recommends dismissal of Plaintiff's civil conspiracy claim with prejudice.

### 3. *Plaintiff's Defamation Claims*.

Plaintiff's proposed amended complaint alleges that Defendant Fennemore Craig spread "defamatory accusation" to employees of CEC/PHWLV, employees of the Culinary Union, and employees of her mother, Ms. Peruzar. ECF No. 91 at 3-4. Plaintiff further alleges that in April 2018, an employee of Defendant called Plaintiff the "n-word" and threatened Plaintiff with bodily harm while at the Las Vegas Justice Center. *Id*. at 5. Plaintiff contends that an employee of CEC, Ethan Thomas "parroted" Defendant's employee.[1] Defendant also allegedly spread lies about Plaintiff when Defendant identified Plaintiff as schizophrenic, after which Mr. Thomas and Defendant's employee accused Plaintiff of threatening them. *Id*. at 6-7. Plaintiff says that schizophrenia is a "differential diagnosis" and then incorporates elements of this claim found in her original Complaint. *Id*. at 9.

Even if the Court assumes Defendant made some statement to unidentified third parties about Plaintiff's mental health diagnosis, these statements may not constitute defamation if they are true. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 2002). Indeed, Plaintiff seems to admit that Defendant's statement regarding her diagnosis is true when she discusses the meaning of a differential diagnosis for schizophrenia. ECF No. 91 at 9. Thus, if Defendant made a statement regarding Plaintiff's mental health diagnosis to some third party, and that statement is true, Plaintiff's defamation claim fails as a matter of law. However, because the Court cannot glean from Plaintiff's filing whether she, in fact, admits the truth of the alleged defamatory statement regarding her mental health diagnosis, and her alleged defamation claims are based on more than just Defendant's alleged statement regarding Plaintiff's schizophrenia, the Court analyzes whether Plaintiff states a defamation/defamation per se claim.

The Court considers Plaintiff's allegation that Defendant made some statement to "third parties separate to [sic] court proceedings" regarding Plaintiff issuing threats and harassing

---

[1] Neither CEC nor Ethan Thomas are named in Plaintiff's purported Amended Complaint.

messages. ECF No. 91 at 9. The Court notes that on April 22, 2019, Defendant filed a Motion in the Clark County Eighth Judicial District Court alleging Plaintiff engaged in "criminal and civil assault" under Nevada law. ECF No. 83 at 16 *citing* Defs.' Em. Mot. Protective Order, Ex. B to Def.'s Mot. Judicial Not., ECF No. 12-2. This is the only occasion on which the Court could find any record of Defendant asserting such an allegation. *Id*. Thereafter, in March 2020, the Court explained to Plaintiff that her allegation lacked sufficient detail, which meant Defendant did "not have adequate notice of the grounds upon which Plaintiff's claims rest." *Id*. at 17 *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Schaefer v. Diamond Resorts Int'l Mktg., Inc.*, Case No. 2:14-cv-01900-GMN, 2015 WL 1932196, at *8 (D. Nev. Apr. 28, 2015) (dismissing defamation and slander claims because the complaint lacked allegations indicating "to whom these false statements were made and when they were made"). Despite explaining to Plaintiff that she lacked sufficient detail to state a defamation claim, Plaintiff's proposed amended defamation and defamation per se claims suffer from the same lack of detail. Plaintiff's present defamation allegations, even if the Court incorporates her original complaint defamation allegations, fail to include when or to whom the alleged false claims were made. *See* ECF No. 91.

Plaintiff has had ample time to amend her complaint with ample notice and explanation of what she needed to do to correct the shortcomings found in her original defamation claims. Granting Plaintiff leave to file yet another amended complaint to cure these same deficiencies would unreasonably and prejudicially delay this two year old matter, which has never gotten past the pleading stage. Thus, the Court recommends Plaintiff's defamation/defamation per se be dismissed with prejudice.[2]

### 4. Plaintiff's Breach of Contract Claim.

A breach of contract claim under Nevada law requires "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F.Supp.2d 1271, 1274 (D.Nev.2011). Further, to bring a breach

---

[2] *See* Section II.D. for a discussion of the recommendation that Plaintiff's non-legally barred claims be dismissed with prejudice.

of contract action against Defendant, Plaintiff and Defendant must have a contractual relationship. *Vargas v. Cal. St. Auto. Ass'n Inter–Ins. Bureau*, 788 F.Supp. 462, 464 (D.Nev.1992). Plaintiff's Breach of Contract claim alleges that Defendant breached the confidentiality provision of a settlement agreement to which Defendant is not a party. ECF No. 12-5 at 2. Given that a document filed with this Court, in this action, unequivocally establishes that Defendant is not a party to the contract Plaintiff claims Defendant breached, Plaintiff's breach of contract claim fails as a matter of law. This alone is a basis to recommend dismissal of Plaintiff's claim.

Plaintiff's breach of contract claim also fails to state a claim because it provides no facts whatsoever in support of Defendant's alleged breach. ECF No. 91 at 9-10. Plaintiff's conclusory statement that Defendant breached the contract fails to assert even threadbare elements of a breach of contract cause of action. *Iqbal*, 556 U.S. at 678 (internal citation omitted). Plaintiff's allegation does not establish a "claim to relief that is plausible on its face." *Id*. (internal citation and quote marks omitted). In sum, Plaintiff fails to assert allegations that cross the line from a conceivable breach of contract claim to a plausible breach of contract claim and, for this reason, Plaintiff's breach of contract claim also fails as a matter of law. *Hester*, 2020 WL 7427522, at *1 *citing Iqbal*, 556 U.S. at 680 *citing Twombly*, 550 U.S. at 547.

Finally, as Defendant points out, Defendant provided the settlement agreement to the Nevada court in connection to its "request for protective or other relief." ECF No. 92 at 8. Paragraph 1(b) of the agreement at issue provides that the parties to the contract "shall have the right to disclose this Agreement to a court as part of a request to protective order or other relief, complaint or other pleading." ECF No. 12-5 at 3. Thus, even if Defendant was a party to the contract, the disclosure of the agreement was attached to a motion (a pleading) filed with the Court seeking dismissal of Plaintiff's Complaint. Under the terms of the agreement, this filing did not breach the confidentiality of the agreement and, again, Plaintiff's breach of contract claim fails as a matter of law.

For each and all of the reasons stated above, the Court recommends Plaintiff's Breach of Contract cause of action be dismissed with prejudice.

*5.     Plaintiff's Intentional Infliction of Emotional Distress Claim.*

On pages 10 and 11 of Plaintiff's proposed amended complaint she includes an Intentional Infliction of Emotional Distress Claim. To state a claim for intentional infliction of emotional distress Plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999) (internal quotation omitted). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted).

Plaintiff states she brings her claim against Defendant "in connection with" CEC and PHWLV's alleged conduct. Plaintiff alleges CEC and PHWLV caused her "gross and blatant emotional distress beyond what is normal by falsely accusing Plaintiff of sending threats/harassing messages to third parties, threatening Plaintiff's life, and breaching a contract … ." ECF No. 91 at 10-11. However, at the risk of redundancy, looking first at the breach of contract to which Plaintiff repeatedly refers, her proposed amended complaint fails because Defendant could not breach the settlement agreement to which it was not a party. And, even if Defendant was a party to the agreement, the agreement provided for disclosure in the circumstance it was disclosed. Thus, Defendant's disclosure of the settlement agreement does not meet the standard of extreme or outrageous conduct beyond the bounds of decency or tolerability.

This leaves Plaintiff with Defendant's alleged reference to Plaintiff as a schizophrenic and Defendant's alleged defamatory statements that Plaintiff made threats to CEC and Defendant employees. The Court takes judicial notice of the protective order Defendant obtained on behalf of a CEC employee to whom Plaintiff had sent emails and social media messages that included a threat to "her physical safety." ECF No. 36 at 6 citing Eighth Judicial District Court Case No. A-18-784032-C, attached as Exhibit B to Defendant's Request for Judicial Notice, ECF No. 12 at 4:7-9.[3] Defendant also provided evidence to the Court that it had a strong and reasonable basis to believe

---

[3] Regarding judicial notice, *see* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).

Plaintiff sent a letter to two of its employees stating: "It'll be the end of lives … embodying the rage of all mass murderers … It will be lights out" and "Congratulations[.] You have just been added to the hit list." *Id*. at 6 citing Exhibit D thereto (emphasis in original removed). These alleged statements by Plaintiff belie the notion that Defendant's communications with the Court regarding Plaintiff's conduct would meet the standard of extreme and outrageous conduct beyond the bounds of decency or tolerability.

Finally, even if Defendant made the statements that Plaintiff suffers from schizophrenia and was sending threatening messages without a firm foundation to do so, "mere insults, indignities, threats, annoyances . . . or other trivialities" do not rise to the level of conduct "outside all possible bounds of decency." ECF No. 83 at 20 *citing Candelore v. Clark Cty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992) (citing Restatement (Second) of Torts § 46 cmt. d (1965)); *cf. Stricker v. Nev. Sys. of Higher Educ.*, Case No. 3:06-cv-00613-LRH-VP, 2007 WL 2460036, at *4 (D. Nev. Aug. 24, 2007). Thus, Plaintiff fails to allege sufficient facts to support a claim of intentional infliction of emotional distress against Defendant, and this claim should be dismissed.

### D.     The Court Recommends Dismissal of this Action with Prejudice.

Plaintiff filed her original Complaint two years ago in May 2019. She was twice given an opportunity to amend her Complaint. ECF Nos. 83 and 89. Plaintiff failed to file an amended complaint in response to the first opportunity provided, and filed late when given the second opportunity. *Compare* ECF Nos. 89 and 91. Moreover, now that Plaintiff has filed a Motion for Leave to Amend and a proposed amended complaint, the amended complaint fails to state any claims upon which relief may be granted. Plaintiff's civil conspiracy claim is barred by res judicata. Each of Plaintiff's three other claims fail as pleaded for the reasons stated. Allowing Plaintiff yet another opportunity to amend her Complaint to replead these same non-legally barred claims would unduly delay this action, which has never gone further than the pleading stage. Given all of these circumstances, the Court recommends denying Plaintiff's Motion for Leave to File an Amended Complaint and dismissing this action with prejudice. *Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir.1999) (leave not granted if amendment "would cause

prejudice to the opposing party ... is futile, or creates undue delay."); *see also Chodos v. West Publ'g Co., Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad" (citation and internal quotation marks omitted).

### III.     Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 91) be DENIED.

IT IS FURTHER RECOMMENDED that this action be dismissed with prejudice.

Dated this 25th day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).